STATE of Missouri, Respondent,

v.

James Fowler GRAHAM, Appellant.

No. 40492.

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 11, 1979.

John D. Connaghan, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul R. Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., James S. Cook, Asst. Circuit Atty., St. Louis, for respondent.

DOWD, Judge.

James Fowler Graham was tried before a jury and found guilty of burglary in the second degree and stealing. He was sentenced by the Circuit Court of St. Louis County to serve a term of five years for second degree burglary with a consecutive two year term for stealing.

At approximately 1:00 a. m. on July 30, 1977, Mr. Gerald Potthoff noticed an unfamiliar automobile in the driveway of his vacationing neighbor's house. The police were called but arrived after the car had left. Mr. Potthoff gave a description of the car which was then broadcast over the police radio. The responding officer then observed that the house had been broken into. At about 1:15 a. m., another officer, in response to the radio broadcast, stopped a car that matched that description. The automobile was driven by the appellant and was stopped just several blocks away from Mr. Potthoff's house. The appellant stated he was in the area because he was lost. Mr. Potthoff was then driven to the location where the appellant had been detained and identified the car as the one he had seen parked in his neighbor's driveway.

The appellant was then arrested. The arresting officer attempted to look into the trunk of the car but was told by both the appellant and the passenger-owner of the car that they did not have a trunk key. The arresting officer did notice a black and yellow-handled screwdriver in the back of the vehicle. The automobile was then towed to the police station.

At about 10:00 a. m. that morning, the trunk of the car was pried open by Officer Jerome O'Keefe. He had not obtained a warrant to search the trunk. Appellant states that the police requested a search warrant but the St. Louis County Prosecut-

ing Attorney's office advised them it was not necessary. Inside the trunk was a stereo system similar to one reported missing from the burglarized house. At trial an occupant of the house identified the stereo as her own.

The appellant was found guilty by a jury of burglary in the second degree and stealing. He claims the trial court erred in overruling his motion to suppress evidence and in admitting into evidence the items found in the warrantless search of the trunk of the automobile at the police station.

 Before considering the facts of this particular case, several principles must be noted. First, on appeal, this court is required to view the evidence in the light most favorable to the state and in conformity with the verdict. *State v. Wiley,* 522 S.W.2d 281, 292 (Mo. banc 1975); *State v. Wilborn,* 525 S.W.2d 87, 90 (Mo.App.1975). Secondly, according to the Fourth Amendment to the United States Constitution all searches and seizures are not condemned, but only those that are unreasonable. *Carroll v. U. S.,* 267 U.S. 132, 147, 45 S.Ct. 280, 69 L.Ed. 543 (1925). If evidence is obtained in violation of the Fourth Amendment, it is inadmissible in a state criminal trial. *Mapp v. Ohio,* 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961); U.S.Const., Amend XIV.

 Furthermore, whether or not the police could have procured a warrant does not enter into the analysis. The only test is whether the search was reasonable and not whether it would have been reasonable to obtain a warrant. *U. S. v. Rabinowitz,* 339 U.S. 56, 66, 70 S.Ct. 430, 94 L.Ed. 653 (1950). In addition, the U.S. Supreme Court has held that the validity of warrantless searches must be determined on the "concrete factual context" of each case. *Sibron v. State of New York,* 392 U.S. 40, 59, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968).

In interpreting the Fourth Amendment prohibition against unreasonable searches, courts have drawn a distinction between the search of an automobile and the search of a residence. *Cady v. Dombrowski,* 413 U.S. 433, 439, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973); *Chambers v. Maroney,* 399 U.S. 42, 48, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); *Carroll v. U. S.,* supra, 267 U.S. at 153, 45 S.Ct. 280. This distinction is based on the rationale that the driver of an automobile does not expect the same degree of privacy that he expects in his home. *Cardwell v. Lewis,* 417 U.S. 583, 590, 94 S.Ct. 2464, 41 L.Ed.2d 325 (1974).

 Where a search has been made without a warrant, the state has the burden of showing that their acts come within an exception to the warrant rule and are therefore, not unreasonable. The pertinent exception here is the "automobile exception". *Carroll v. U. S.,* supra, 267 U.S. at 149, 45 S.Ct. 280; *State v. Witherspoon,* 460 S.W.2d 281, 284 (Mo.1970). This requires a finding of probable cause to search the automobile. Probable cause is present when the searching police officer has specific knowledge of certain facts and circumstances which would reasonably justify his belief that the automobile contains the fruits of a crime. *Carroll v. U. S.,* supra, 267 U.S. at 167, 45 S.Ct. 280; *Chambers v. Maroney,* supra, 399 U.S. at 48, 90 S.Ct. 1975; *Almeida-Sanchez v. U. S.,* 413 U.S. 266, 281, 93 S.Ct. 2535, 37 L.Ed.2d 596 (1973).

 When the automobile is removed from the scene and taken to the police station and then searched, the state must shoulder the additional burden of justifying the seizure. The United States Supreme Court held in *Chambers v. Maroney,* supra, 399 U.S. at 53, 90 S.Ct. 1975, that if the police had probable cause to search the automobile at the scene, the probable cause is still obtained at the station if the seizure of the automobile was reasonable.[1] A sei-

---

1. Most cases cite the *Chambers v. Maroney* decision, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970), for the proposition that probable cause to search an automobile at the scene is still obtained when the automobile is brought to the station. *Texas v. White,* 423 U.S. 67, 68, 96 S.Ct. 304, 46 L.Ed.2d 209 (1975); *State v. McCarty,* 460 S.W.2d 630, 637 (Mo.1970);

**630**

zure is considered reasonable if the circumstances show that an immediate search at the scene would be impractical or unsafe. *Chambers v. Maroney,* supra at 52, n. 10, 90 S.Ct. 1975. The United States Supreme Court has also recognized that the police have the authority to remove an automobile from the street when public safety is threatened. *South Dakota v. Opperman,* 428 U.S. 364, 369, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976).

 Turning to the facts of this case, the action of the police satisfy both requirements of *Chambers v. Maroney,* supra, and therefore validate the warrantless search. A burglary had been discovered; appellant's car matched the description of the car seen by witnesses at the burglarized home; a witness identified appellant's car as the car seen at the burglarized home; appellant's car was spotted approximately two blocks away from the scene of the burglary; the arresting officer saw a tool commonly used in burglaries in the car; and, the time span for all of this activity was short. Under these circumstances, the police had probable cause to search appellant's car.

■ The police also made a reasonable seizure of the automobile after appellant's arrest. The auto was parked on the side of the road and it was dark. The seizure was to facilitate a safe and thorough search of the car. The fact that no trunk keys were available to open the trunk necessitated the removal of the auto to the station so that an adequate search of the trunk could be conducted.

The facts of this case demonstrate that the police had probable cause to search the auto at the scene. It was no Fourth Amendment violation to search the auto at the station because the seizure was reasonable and therefore, the probable cause to search was still obtained at the station. *Chambers v. Maroney,* supra. The actions of the police in this case conform to the

Fourth Amendment standard of reasonableness, *Cady v. Dombrowski,* supra, 413 U.S. at 439, 93 S.Ct. 2523, 37 L.Ed.2d 706; *Carroll v. U. S.,* supra, 267 U.S. at 147, 45 S.Ct. 280. The search, and the admission into evidence of the fruits of that search, were proper.

Affirmed.

REINHARD, P. J., and CRIST, J., concur.

---

*State v. Mick,* 506 S.W.2d 35, 39 (Mo.App. 1974). The comprehensive analysis of the *Chambers v. Maroney* decision, supra, in the dissenting opinion of *Texas v. White,* 423 U.S. 67, 69, 96 S.Ct. 304, 46 L.Ed.2d 209 (1975)

(Marshall, J., dissenting), points out the additional requirements of justifying the seizure of the automobile when a warrantless search at the station is being challenged. Most courts have disregarded this second requirement.