STATE of Missouri, Respondent,

v.

**Robert Earl MASON, Appellant.**

No. 44990.

Missouri Court of Appeals, Eastern District, Division Three.

March 1, 1983.

Motion for Rehearing/Transfer to Supreme Court Denied April 15, 1983.

Application to Transfer Denied May 31, 1983.

William J. Shaw, Public Defender, Robert J. Maurer, Asst. Public Defender, Clayton, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George R. Westfall, Pros. Atty., Clayton, for respondent.

CLEMENS, Senior Judge.

Felonious stealing. After jury trial the court sentenced defendant Robert E. Mason as a prior felon to 15 years in prison. Sections 570.030.3(1), RSMo.Supp.1981, and 570.040, RSMo.1978.

Here, defendant trebly challenges his conviction: The State relied on a single uncorroborated witness to prove the crime. He was tried on an information charging stealing but had been indicted on a charge of burglary. The court denied defendant's motion to suppress evidence of escape because he then stood charged with burglary, not on the amended charge of stealing. These in turn.

The state's evidence: A store detective saw defendant go to a men's clothing department, move three suits to a different rack, return ten minutes later to put the suits in a shopping bag and was preparing to leave the store when arrested. Only the detective saw this. Defendant stood mute.

■ As said, defendant contends stealing could not be proven by a single non-owner witness. He cites no supporting authority. Here, the store detective saw the taking; he wrote down the stock numbers of the store-owner's price tags on each suit.

In testing sufficiency we accept supporting evidence as true. So considered we find it sufficient, even though based on a single witness. *Compare State v. Sadler,* 613 S.W.2d 682[1, 2] (Mo.App.1981). Point denied.

Next defendant contends he was tried on an information charging burglary rather than stealing. He seeks review as plain error, Rule 29.12(b). The original information factually charged stealing but its caption incorrectly cited Section 569.170, RSMo.1978, the burglary statute. Four days before trial the State amended the information, correctly referring to the stealing statutes, Sections 570.030, RSMo. Supp.1982, and 570.040, RSMo.1978.

■ By the statute of jeofails, Section 545.290, RSMo.1978, an information may be amended as to form or substance before trial. As said in *State v. Huffer,* 424 S.W.2d 776 [11, 12] (Mo.App.1968): "[T]he question of permitting amendments rests in the sound discretion of the trial court. . . ."

■ Here we find no plain error in the pre-trial amendment citing the correct statute number.

Last, defendant challenges the court's ruling allowing evidence that on August 16, 1980—a year before trial—defendant es-

caped from jail. He contends that because he was then being held on an information charging stealing but incorrectly citing the burglary statute. Counsel argues—but defendant did not testify—the escape was triggered by the erroneous citation of the burglary statute.

■ The now-challenged escape testimony came in without objection. "It is well-settled law that to preserve for review the admission of evidence complained of in a motion *in limine* an objection must be made at trial." *State v. Foster,* 608 S.W.2d 476 [2, 3] (Mo.App.1980). And, in *State v. Johnson,* 586 S.W.2d 437 [5–7] (Mo.App. 1979) the defendant made no objection at trial even though the trial court had previously overruled his motion in limine. The court held: "[A]ppellant has the burden of proving that the error amounted to manifest injustice or miscarriage of justice." We are not so persuaded here. Final point denied.

Affirmed.

CRANDALL, P.J., and REINHARD and CRIST, JJ., concur.