STATE of Missouri,
Respondent/Plaintiff,

v.

Arthur MOTON, Appellant/Defendant.

No. 50581.

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 4, 1986.

Motion for Rehearing and/or Transfer Denied Dec. 10, 1986.

Case Transferred to Supreme Court Jan. 13, 1987.

Case Retransferred to Court of Appeals June 2, 1987.

Original Opinion Reinstated June 4, 1987.

Elbert A. Walton, Jr., St. Louis, for appellant/defendant.

William L. Webster, Atty. Gen., Carrie Francke, Sp. Asst. Atty. Gen., Jefferson City, for respondent/plaintiff.

GARY M. GAERTNER, Presiding Judge.

Arthur Moton appeals from his jury conviction for unlawful possession of a concealable firearm, a violation of § 571.070 RSMo Cum.Supp.1984. He was sentenced as a persistent offender to 15 years' imprisonment. Appellant raises three points on appeal. In his first point he alleges error in the filing of an amended information, which added a persistent offender designation and substituted the charge of unlawful possession of a concealable firearm for the initial charge of unlawful use of a weapon. Next, appellant claims that the recovered firearm and bullets were obtained through an unlawful search and seizure. Finally, he alleges prejudicial error resulting from the trial court's removal of appellant from the courtroom for the duration of the trial. Finding appellant's contentions to be without merit, we affirm.

The facts adduced at trial indicate that St. Louis County Police Officer Hanna responded to a call directing him to appellant's home. He observed appellant on the front porch, kicking the front door, and heard him yell: "Open the door, bitch, or I'm gonna kill you." When appellant saw Officer Hanna, he tossed a silver-colored, metallic object into the bushes adjacent to the porch.

Officer Hanna ordered appellant off of the porch, handcuffed him and had him lie face down in the yard. Thirteen .32 caliber bullets were found in appellant's coat pocket during a pat down search. After another officer arrived at the scene, Officer Hanna went directly to the bushes into which appellant had tossed the silver-colored, metallic object and retrieved a .32 caliber pistol.

■ In his first point, appellant asserts that the trial court erred in granting leave to file an amended information which added the persistent offender designation and substituted a Class C felony charge for the original Class D felony charge. An information may be amended at the discretion of the trial court at any time before trial. *State v. Mason*, 650 S.W.2d 15, 16 (Mo.App.1983). The test for prejudice under this rule is whether a defendant's evidence would be equally applicable, and his defense equally available, after the amendment. *State v. Wilson*, 544 S.W.2d 859, 862 (Mo.App.1976). The amended charge did not alter or limit appellant's original defense and evidence. Furthermore, the addition of the persistent offender charge did not create a different or additional charge. *State v. Jackson*, 627 S.W.2d 880, 882 (Mo.App.1982). Appellant was not prejudiced by the filing of the amended information and this point is denied.

The appellant next claims that the firearm and bullets were improperly seized and admitted into evidence. The Fourth Amendment protects the right of individuals to personal security against unreasonable searches and seizures. *Elkins v. United States*, 364 U.S. 206, 222, 80 S.Ct. 1437, 1446, 4 L.Ed.2d 1669 (1960). This right has been repeatedly held applicable to searches and seizures in Missouri. *State v. Wiley*, 522 S.W.2d 281, 289 (Mo. banc 1975); *State v. Mills*, 671 S.W.2d 437, 439 (Mo. App.1984); *State v. Quinn*, 565 S.W.2d 665, 670 (Mo.App.1978). The test is whether the search is reasonable under the circumstances, not whether it would have been reasonable to obtain a warrant. *State v. Graham*, 587 S.W.2d 627, 629 (Mo. App.1979).

In the present case, Officer Hanna was dispatched to appellant's home because of a domestic dispute. Upon his arrival, he heard appellant threatening to kill someone. In the plain sight of Officer Hanna, appellant threw the firearm into the bushes adjacent to the porch in an effort to hide it.

■ Initially, we note that the intrusion of a pat-down search is permissible where there is the reasonable inference that the suspect is armed and poses a danger to the officer. *State v. Holt*, 660 S.W.2d 735, 737 (Mo.App.1983); *State v. Taylor*, 538 S.W.2d 761, 764 (Mo.App.1976). Where, as here, the officer responded to a call of domestic violence, heard appellant threaten to commit murder, and observed him throw down a metallic object, the pat-down search was justified to protect the officer's safety. Therefore, the recovery of the thirteen .32 caliber bullets was lawful and their admission into evidence was proper.

■ Appellant also challenges the admissibility of the recovered firearm. Warrantless searches have been upheld in cases where an officer sees the defendant drop or discard evidence and the officer then retrieves it. *State v. Mills*, 671 S.W.2d at 440; *State v. Hill*, 562 S.W.2d 801 (Mo. App.1978). The Fourth Amendment does not require the police to ignore evidence that a suspect attempts to hide. *State v. Mills*, 671 S.W.2d at 440. In the case of *State v. Hall*, 534 S.W.2d 508 (Mo.App. 1976), the defendant attempted to hide incriminating evidence when approached by police officers. The police then seized the dropped evidence without a warrant. The rule set forth in *State v. Hall* provides that:

> "Where the articles sought to be suppressed were in plain sight of the arresting officer, were dropped or thrown away by the person arrested, and were picked up by the officers, the articles are admissible in evidence over an objection that they were seized as the result of an unlawful search."

534 S.W.2d at 510, quoting *State v. Baines*, 394 S.W.2d 312, 315 (Mo.1965), *cert. denied*, 384 U.S. 992, 86 S.Ct. 1900, 16 L.Ed.2d 1008 (1966).

Appellant committed the offense charged in the presence of Officer Hanna. Under the totality of the circumstances, the officer's practical and reasonable action was to retrieve the item that he saw appellant toss into the bushes. Appellant's constitutional rights were not violated and his second point is denied.

■ Appellant finally contends that his removal from the courtroom violated his Sixth Amendment right of confrontation. One of the most basic rights guaranteed to an accused is the right to be present in the courtroom at every stage of the trial. U.S. Const. Amend. 6; *Illinois v. Allen*, 397 U.S. 337, 338, 90 S.Ct. 1057, 1058, 25 L.Ed.2d 353, 356 (1970). However, even that right may be lost by consent or by conduct which seriously disrupts the judicial proceedings. *Illinois v. Allen*, 397 U.S. at 343, 90 S.Ct. at 1060, 25 L.Ed.2d at 358–359; *State v. Irvin*, 628 S.W.2d 957, 959 (Mo.App.1982).

Appellant repeatedly addressed the trial court after being warned to speak only through his attorney, kept his hand raised throughout the voir dire examination and the reading of instructions, and argued with the court in the presence of the jury. The court met with appellant in chambers and asked him whether he would return and not disrupt the proceedings. Appellant stated that he would continue his behavior unless he were permitted to address the jury. In light of appellant's contumacious conduct, the court did not err in barring him from the courtroom because his behavior violated the dignity, order, and decorum of the court, threatened to impede the proceedings, and created the likelihood of prejudice against him. *State v. Bolder*, 635 S.W.2d 673, 687 (Mo. banc 1982); *Scurr v. Moore*, 647 F.2d 854, 858 (8th Cir.1981). Appellant's third point is denied.

The judgment of the trial court is affirmed.

STEPHAN and SIMON, JJ., concur.