Calvin **MANNING–EL,** Appellant,

v.

**STATE of Missouri,** Respondent.

No. 52758.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 6, 1987.

Motion for Rehearing and/or Transfer Denied Nov. 6, 1987.

Application to Transfer Denied Dec. 15, 1987.

Dave C. Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., Byrona J. Kincanon, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals from the denial, without an evidentiary hearing, of his Rule 27.26 motion. That motion represented movant's second attempt to vacate two convictions for first degree robbery. The convictions were affirmed on direct appeal. *State v. Manning,* 634 S.W.2d 504 (Mo.App.1982). We affirm.

Movant's first Rule 27.26 motion was denied on February 11, 1986; he did not appeal. On March 3, 1986, movant filed a second *pro se* Rule 27.26 motion. Appointed counsel filed an amended motion asserting ineffective assistance of counsel in two respects; failing to preserve the objection to some evidence and failing to interview

two witnesses. The court denied the motion on November 25, 1986, without an evidentiary hearing.

Movant asserts it was error to deny his Rule 27.26 motion without an evidentiary hearing on his claim of ineffective assistance of trial counsel. Movant alleges he pled facts which if proven would warrant relief. In his amended motion movant pled trial counsel failed to interview two alibi witnesses who "at the time of trial, were known, available, and willing to testify." Movant, however, failed to allege he informed trial counsel of the existence of those two witnesses or that he provided counsel with addresses for them. Counsel cannot be expected to interview witnesses he does not know exist. *Boyet v. State,* 671 S.W.2d 417, 418 [3] (Mo.App.1984). Movant's motion which failed to allege counsel was informed about the alibi witnesses did not plead facts which if proven would warrant relief. *McKinney v. State,* 634 S.W.2d 537, 538 [2] (Mo.App.1982).

Judgment affirmed.

SATZ, P.J., and KELLY, J., concur.