William Lee JOHNSON, Appellant,

v.

STATE of Missouri, Respondent.

No. 53747.

Missouri Court of Appeals,
Eastern District,
Division One.

April 19, 1988.

Donald J. Hager, Public Defender, Steven Eugene Jordon, Asst. Public Defender, Farmington, for appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the denial of his Rule 27.26 motion without an evidentiary hearing. We affirm.

Movant was convicted of burglary in the second degree pursuant to a guilty plea, and received a suspended imposition of sentence and was placed on five years' probation. After his first probation violation, movant received a seven-year sentence with suspended execution of that sentence. Following his second probation violation, that sentence was executed.

Movant's 27.26 motion was dismissed by the trial court on the grounds it failed to allege facts which, if true, warrant relief, and which are not refuted by the record. On appeal, movant claims his allegation of

ineffective assistance of counsel warranted an evidentiary hearing.

In order to be entitled to an evidentiary hearing, movant must allege facts, not conclusions, warranting relief, which are not refuted by the record, and which resulted in prejudice to the movant. *Smith v. State*, 652 S.W.2d 134[1] (Mo.App.1983).

Movant's brief on appeal lists several allegations of ineffective assistance of counsel; however, on appeal we cannot consider grounds for relief not raised in movant's 27.26 motion. *Wells v. State*, 621 S.W.2d 553, 554[1] (Mo.App.1981). Therefore, we examine the only allegation of ineffective assistance in the 27.26 motion. Movant alleges his trial counsel was ineffective because he led him to believe he would get a lesser sentence than the seven-year sentence that was imposed.

Movant was represented by various attorneys from the time of his arraignment. According to the record, the attorney complained of by movant represented him from his arraignment until his first probation violation.

Movant's motion was properly dismissed because the allegation was expressly refuted by the guilty plea transcript. Movant asserted that no promises were made to him in regard to what his sentence would be and acknowledged that he was aware of the possibility of receiving a seven-year sentence.

We further note there was substantial evidence to show that even if such an opinion was expressed by counsel, it did not induce the plea and the plea was entered with full knowledge of the possible sentence. *See Richardson v. State*, 632 S.W.2d 13, 15[1] (Mo.App.1982). In any event, the seven-year sentence was not imposed until movant violated his probation two times.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.