**Billy Ray BOLLINGER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 53651.**

Missouri Court of Appeals,
Eastern District,
Division One.

April 26, 1988.

Nancy A. McKerrow, Columbia, for appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the denial of his Rule 27.26 motion without an evidentiary hearing. Movant is serving two consecutive six-year terms of imprisonment for two counts of burglary in the second degree. In his motion movant states he "desires only a correction in sentence...." so that he serve concurrent rather than consecutive terms of imprisonment. We affirm.

At his guilty plea hearing on January 13, 1984, movant testified as to the details of the crimes he was charged with committing. When he entered his pleas, movant and his family told the court he had changed his ways and asked for leniency. There was a pre-sentence investigation after which the trial court gave movant the choice of two consecutive four-year sentences or a five-year probation with suspended execution of two consecutive six-year sentences. Movant, after consulting with his family and attorney, chose probation. Subsequently movant violated the conditions of his probation, and on November 21, 1985, the trial court revoked his probation and reinstated the sentences.

On appeal movant states he is entitled to an evidentiary hearing because in his motion he "pleaded the fact that his attorney failed to investigate the credibility of the

State's witnesses and this act of omission ... rendered [his] plea unknowing and involuntary." At the guilty plea hearing movant testified unequivocally that he broke into two buildings and stole money therefrom. Nowhere in his motion or amended motion does he show wherein and why any failure to investigate the credibility of the State's witnesses had anything whatsoever to do with whether movant knowingly and voluntarily entered his plea of guilty. *Rice v. State*, 585 S.W.2d 488, 493[2, 3] (Mo.banc 1979). A mere abstract statement that a lawyer fails to investigate the credibility of the State's witnesses presents nothing for review. *Sanders v. State*, 738 S.W.2d 856, 860–861[2] (Mo.banc 1987).

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.