**Jerry Dean BLACKMON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 15834.**

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 17, 1989.

Motion for Rehearing or Transfer to Supreme Court Denied March 13, 1989.

Application to Transfer Denied April 18, 1989.

Susan L. Hogan, Columbia, for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Presiding Judge.

Jerry Dean Blackmon ("appellant") appeals from a judgment denying, without an evidentiary hearing, his amended motion under Rule 24.035 [1] to vacate his conviction of burglary in the first degree, § 569.160, RSMo 1986, and stealing, § 570.030, RSMo 1986, for which he was sentenced to consecutive prison terms of five years each. The conviction resulted from a plea of guilty entered January 22, 1987, pursuant to a plea agreement.

In denying relief the circuit court, henceforth referred to as "the motion court," made extensive findings of fact and conclusions of law. Rule 24.035(i). Appellant's brief presents one point:

"The motion court clearly erred in denying appellant's motion ... without granting an evidentiary hearing ... in that appellant pleaded factual allegations which, if proved, would warrant relief and which are not refuted by the record, since appellant claimed that he received ineffective assistance of counsel at his guilty plea, due to counsel's failure to adequately investigate alibi witnesses who could account for appellant's activities during the time the charged offense occurred, and failed to investigate the accuracy of a statement by Ernest Bland placing appellant at the scene of the offense, which statement Bland later retracted...."

■ As to the alibi witnesses the amended motion, filed by appellant's appointed counsel, averred that the lawyer who represented appellant at the time he pled guilty, henceforth referred to as "defense counsel," failed to adequately investigate appellant's alibi and failed to contact any of the witnesses who could account for appellant's activities and testify as to his whereabouts during the time the offenses occurred. The amended motion continued: "Robert Hatchett, Jerome Blackman, John Crites and Mable Dorsey were with [appel-

_____

1. Rule references are to Missouri Rules of Criminal Procedure (19th ed. 1988).

lant] between 6:00 p.m. and 11:00 p.m. on December 24, 1986 and can testify that [appellant] was not in the location of the apartment where the offense occurred. Mable Dorsey could testify also that [appellant] was with her at her home from 11:00 p.m. on December 24, 1986 until the morning of December 25, 1986. [Defense] counsel failed to contact any of the above-mentioned witnesses."

Nowhere in the amended motion or in the document identified as the pro se motion that preceded the amended motion do we find any allegation that appellant, prior to entry of the plea of guilty, *told* defense counsel about any of the four individuals named above.

In *Manning–El v. State*, 740 S.W.2d 312 (Mo.App.1987), a prisoner seeking post-conviction relief pled that the lawyer who represented him in the trial court failed to interview two alibi witnesses who at the time of trial were known, available, and willing to testify. Post-conviction relief was denied without an evidentiary hearing. On appeal the Eastern District of this Court affirmed, saying:

"Movant, however, failed to allege he informed trial counsel of the existence of those two witnesses or that he provided counsel with addresses for them. Counsel cannot be expected to interview witnesses he does not know exist. *Boyet v. State*, 671 S.W.2d 417, 418[3] (Mo.App. 1984). Movant's motion which failed to allege counsel was informed about the alibi witnesses did not plead facts which if proven would warrant relief." *Manning–El*, 740 S.W.2d at 313[1, 2].

To be entitled to an evidentiary hearing, a prisoner seeking post-conviction relief must plead facts, not conclusions, which if true would entitle him to relief. *Jackson v. State*, 585 S.W.2d 495, 497[1] (Mo. banc 1979). As appellant in the instant case did not allege he told defense counsel about the alibi witnesses, the motion court did not err in denying relief without an evidentiary

hearing on appellant's complaint that defense counsel failed to contact them.

■ As to defense counsel's failure to investigate the accuracy of a statement by Ernest Bland, the amended motion averred Bland made a statement that on December 25, 1986, he saw appellant enter the apartment where the offenses occurred. The amended motion continued: "This statement was subsequently recanted by Mr. Bland. Failure to investigate the veracity of this statement prejudiced [appellant] in that it prevented the [appellant] from making a voluntary and intelligent decision."

The document identified as the pro se motion characterized Bland as the only State's witness.

The motion court ruled:

"[Appellant] alleges that the only witness who linked [him] to the 1986 crimes of burglary and stealing was an Ernest Bland who, since the conviction and incarceration of [appellant] has withdrawn his statement and [appellant] has attached a letter from Ernest Bland and an affidavit, both dated November 17, 1987, to his Motion. Newly discovered evidence is not grounds for relief in a proceeding under this rule. *Harbour v. State*, 660 S.W.2nd 12 (Mo.App.1983)."

Nowhere in the pro se motion or the amended motion do we find any allegation as to what would have been revealed by an investigation by defense counsel regarding the "veracity" of Bland's statement implicating appellant. Appellant, as noted earlier, pled guilty January 22, 1987. Bland's alleged recantation evidently did not occur until November 17, 1987,[2] some ten months after appellant's plea.

A prisoner's claim that his lawyer's investigation was inadequate must allege what specific information the lawyer failed to discover, that reasonable investigation would have disclosed that information, and that the information would have aided or improved the prisoner's position. *Rice v. State*, 585 S.W.2d 488, 493[2] (Mo. banc

2. The letter and affidavit from Bland referred to by the trial court have not been furnished us by appellant.

1979); *Greenhaw v. State,* 627 S.W.2d 103, 105–06[6] (Mo.App.1982). Failure to make such specific allegations renders a motion for post-conviction relief vulnerable to denial without an evidentiary hearing in that the motion fails to allege facts which entitle the prisoner to relief. *Rice,* 585 S.W.2d at 493; *Greenhaw,* 627 S.W.2d at 106.

As appellant did not allege what would have been revealed had defense counsel investigated the veracity of Bland's statement or how such revelations would have affected appellant's decision to enter his plea of guilty, he failed to plead facts warranting an evidentiary hearing. *Bollinger v. State,* 749 S.W.2d 25 (Mo.App.1988).

The motion court did not err in either of the respects complained of here by appellant.

Judgment affirmed.

HOLSTEIN, C.J., and GREENE, J., concur.