Arthur **MOTON**, Appellant,

v.

**STATE of Missouri**, Respondent.

No. 55335.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 18, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 17, 1989.

Application to Transfer Denied
Aug. 1, 1989.

Jeffrey A. Maassen, Office of the Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

HAMILTON, Judge.

Movant, Arthur Moton, appeals from the denial of his Rule 29.15 motion without an evidentiary hearing. We affirm.

On December 18, 1984, Patrolman Luther Hanna swore in a complaint filed in associate circuit court that Movant committed the class D felony of unlawful use of a weapon and the class C felony of receiving stolen property. On January 7, 1985, counsel entered his appearance on behalf of Movant, and the Court set a preliminary hearing for February 11, 1985. On that date, the State, by memorandum, entered a *nolle prosequi* with respect to the aforementioned charges. It also filed, on February 11, an "amended" complaint charging that Movant had committed the class C felony of unlawful possession of a concealable firearm. By memorandum, counsel for Movant waived the reading of the "amended" complaint.[1] On March 4, 1985, the associate circuit court held a preliminary hearing. After finding probable cause to believe Movant had committed a felony, that court bound Movant over to circuit court for trial.

The State filed an amended information[2] in circuit court charging Movant with the unlawful possession of a concealable firearm, a class C felony. On March 29, 1985, the State amended that information to add the persistent offender designation. After Movant's conviction by a jury of unlawful possession of a concealable firearm in July, 1985, the trial court sentenced him, as a persistent offender, to a term of fifteen years in prison. This court affirmed that conviction. *State v. Moton*, 733 S.W.2d 449 (Mo.App.1986).

On April 18, 1988, Movant filed a motion pursuant to Supreme Court Rule 29.15. Following appointment of a public defender

---

1. Counsel's memorandum actually waived the reading of the "amended information." Because no information was then pending against Movant, counsel's reference was necessarily to the "amended complaint."

2. The record is unclear why this initial information was denominated an amended information.

to represent Movant and the filing of an additional pro se claim incorporated into the pro se motion, the trial court denied Movant's request for an evidentiary hearing and granted the State's Motion to Dismiss the Rule 29.15 motion. This appeal ensued.

Movant asserts the motion court erred in dismissing his Rule 29.15 motion because (1) his trial counsel was ineffective in failing to object to the charging of a new offense in the amended complaint and in failing to inform Movant of the nature and cause of the accusation; (2) the trial court lacked jurisdiction; (3) his trial counsel was ineffective in failing to raise the lack of fingerprint evidence and the trial court denied him the right to retain the attorney of his choice; and (4) he was entitled to an evidentiary hearing on his factual allegations.

Appellate review of a Rule 29.15 motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. MO.R. CRIM.P. 29.15(j). Such findings and conclusions are clearly erroneous if, upon review of the entire record, "an appellate court is left with the 'definite and firm impression that a mistake has been made.'" *Foster v. State*, 748 S.W.2d 903, 905 (Mo.App.1988) (quoting *Stokes v. State*, 688 S.W.2d 19, 21 (Mo.App.1985)) (construing similar language of Rule 27.26 (repealed)).

In addition, Rule 29.15 requires no evidentiary hearing "if the court shall determine the motion and the files and records of the case conclusively show that the movant is entitled to no relief...." MO.R. CRIM.P. 29.15.

In his first point, Movant contends his trial attorney was ineffective in failing to object to the amended complaint because it charged that Movant had committed an offense, unlawful possession of a concealable firearm, different from the two offenses charged in the initial complaint, unlawful use of a weapon and receiving stolen property. Because these are different offenses, requiring proof of different elements at trial, Movant alleges prejudice. We disagree. Movant confuses a complaint with an information. A pending complaint represents "a mere possibility that a criminal charge will be filed." *State v. Caffey*, 438 S.W.2d 167, 171 (Mo.1969). The filing of a complaint is but the first step in the institution of a criminal charge under Missouri procedure. *Arnold v. State*, 484 S.W.2d 248, 250 (Mo.1972). *See* MO.R.CRIM.P. 21.02, 22.01.

■ In this case, the prosecutor filed a complaint in December, 1984. On February 11, 1985, he entered a *nolle prosequi* as to that complaint and filed another complaint, designated as an "amended" complaint. Neither complaint constituted a criminal charge. *State v. Caffey*, 438 S.W.2d at 171. Each complaint merely initiated felony proceedings. MO.R.CRIM.P. 22.01. When the prosecutor dismissed the first complaint by way of *nolle prosequi*, he was free to initiate felony proceedings based upon a different criminal statute. That he labelled the subsequent complaint "amended," thereby suggesting a relation back to the original complaint is of no consequence. We look to the substance of the document, not its title, and we hold it is a proper complaint.

Prior to the filing of the information in this case, Movant was under no criminal charge. Absent a formal charge by indictment or information, Movant, therefore, could suffer no prejudice as alleged.

■ Moreover, even when formally charged by information, Movant suffered no prejudice. The record demonstrates that Movant unsuccessfully asserted error on direct appeal with regard to the filing of the amended information. *State v. Moton*, 733 S.W.2d at 451. As a result, collateral estoppel, or "issue preclusion," bars relitigation of that issue in the present case. *State v. Cannady*, 670 S.W.2d 948, 951 (Mo.App.1984).

■ The allegation that counsel failed to inform Movant of the nature and cause of the accusation against him lacks merit. The record reflects, as the motion court found, that on February 11, 1985, after entering a *nolle prosequi* as to the initial complaint, the State filed an amended complaint, and the court set a preliminary hearing on it for March 4, 1985. On that date,

following the preliminary hearing, the associate circuit court found probable cause to believe that Movant had committed a felony, and it bound Movant over to circuit court for trial. During these proceedings, only the amended complaint was pending. Therefore, Movant, who makes no allegation he was absent from these proceedings, had ample notice of the nature and cause of the accusation against him, well in advance of trial.

Because the record discloses no basis on which to object to the amended complaint and reflects notice to Movant of the accusation against him, Movant's claim of ineffective assistance of counsel must fail.

■ Similarly, Movant's assertion that the trial court lacked jurisdiction is without merit. Movant argues the associate circuit court lost jurisdiction when the State entered a *nolle prosequi* on February 11, 1985, because the amended complaint that was filed thereafter charged a new and different offense. As the preceding discussion indicates, a complaint is the first step in the institution of a criminal charge; it is not itself a criminal charge. The State can dismiss one complaint and file another based upon a different statute. Therefore, the associate circuit court, and, derivatively, the circuit court had jurisdiction over the amended complaint in this case and the proceedings thereon.

■ Movant's next point, that his trial counsel was ineffective in failing to raise the lack of fingerprint evidence cannot be considered on appeal. In his Rule 29.15 motion, Movant alleges his trial counsel was ineffective for failing to file a timely notice of alibi defense that resulted in severe limitation on his presentation of alibi testimony. He asserts he would have had an alibi defense if trial counsel had subpoenaed for trial the laboratory technician who had tested the weapon involved for fingerprints. In his brief on appeal, however, Movant alleges his trial counsel was ineffective for failing to raise the lack of fingerprint evidence. These are two different contentions. An issue not raised in a motion under Rule 29.15 and not presented to the trial court for determination will not be considered on appeal. *Boliek v. State,* 755 S.W.2d 417, 418 (Mo.App.1988); *Johnson v.*

*State,* 748 S.W.2d 417, 418 (Mo.App.1988). Accordingly, we decline to review Movant's new issue, first advanced on appeal.

■ Movant also argues in this same point that the trial court denied him the right to retain the attorney of his choice. Movant asserts this claim in the pro se amendment to his motion. In that amendment, however, he fails to allege any prejudice to him resulted from the trial court's action. Absent any allegation of prejudice, we hold the motion court committed no error in denying Movant's Rule 29.15 motion on this point without an evidentiary hearing. *Johnson v. State,* 748 S.W.2d 417, 418 (Mo.App.1988) (construing similar language in Rule 27.26 (repealed)).

In his final point, Movant contends he averred sufficient facts to entitle him to an evidentiary hearing. We disagree. For the reasons set forth earlier with respect to the other points on appeal, the motion court committed no error in denying Movant an evidentiary hearing. His claims are refuted by the record below. Hence, a hearing is unnecessary. MO.R.CRIM.P. 29.15(g).

Judgment affirmed.