**Ricky Lee HOPKINS, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 55681.

Missouri Court of Appeals,
Eastern District,
Division One.

June 20, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 1, 1989.

Application to Transfer Denied
Sept. 12, 1989.

James Stewart McKay, David C. Hemingway, Rebecca Stith, St. Louis, for appellant.

William L.Webster, Atty. Gen., Debra M. Miles, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the denial of his Rule 24.035 motion without an evidentiary hearing. We affirm.

Movant pled guilty to two counts of burglary in the first degree, two counts of armed criminal action, four counts of robbery in the first degree, and one count of attempted forcible rape, attempted forcible sodomy, and assault in the first degree. He was sentenced in accordance with the State's recommendation to an aggregate term of forty years' imprisonment.

Movant claims his allegation that his trial attorney misinformed him as to the terms of the plea bargain entitled him to an evidentiary hearing. Movant alleged his attorney told him the plea bargain was for twenty years, and he was unaware at the time of his plea he was receiving forty years.

The record of the plea hearing reflects movant was informed that the State was recommending forty years' imprisonment. Movant testified that his attorney had told him this would be the State's recommendation. Furthermore, movant stated no threats or promises, other than the plea bargain, had been made to induce his plea.

Movant's motion was properly dismissed because the record refuted his allegation of expectation of a twenty-year sentence. Rule 24.035(g); *Johnson v. State*, 748 S.W.2d 417, 418[3] (Mo.App.1988). Moreover, even if the defense attorney did tell movant he would only get twenty years, movant made his plea with full knowledge of the State's recommendation and the legal range of punishment for the offenses charged. *See id.; see also LaRose v. State*, 724 S.W.2d 339, 340[2] (Mo.App. 1987).

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.