Bobby Lee SMITH, Appellant,

v.

STATE of Missouri, Respondent.

No. 55527.

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 1, 1989.

Susan L. Hogan, Columbia, for appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Judge.

Movant/appellant, Bobby Lee Smith, appeals the denial, without an evidentiary hearing, of his Rule 29.15 motion for post-conviction relief.[1]  Movant relies on two points on appeal.  First, appellant asserts that the motion court was clearly erroneous in dismissing his Rule 29.15 motion because he pled sufficient factual allegations to be entitled to an evidentiary hearing.  Second, movant asserts that the motion court clearly erred in denying his motion for post conviction relief in that his motion counsel failed to comply with Supreme Court Rule 29.15(e) by not amending appellant's *pro se* motion.  We find movant's contentions without merit and therefore affirm the ruling of the circuit court.

The record reveals that movant was convicted by jury on two counts of murder in the second degree and sentenced to consecutive terms of life and 30 years imprisonment.  Movant's convictions were affirmed on direct appeal to this court.  *State v. Smith*, 725 S.W.2d 631 (Mo.App., E.D. 1987).

On January 4, 1988, appellant moved *pro se* under former Rule 27.26 for post conviction relief.  Counsel was subsequently appointed to represent movant.  The State filed a motion to dismiss without an evidentiary hearing, which was heard September 7, 1988.  Appointed counsel did not amend the *pro se* motion although he did orally clarify movant's assertions of ineffective assistance of trial counsel.  The State's motion was sustained and appellant's motion under Rule 27.26 was dismissed for failure to allege facts that warrant an evidentiary hearing or any possible relief.

At the outset this court recognizes the appropriate standard of review.  Appellate review of a motion court's action under Rule 29.15 shall be limited to a determination of whether the findings and con-

---

1. Although appellant's motion was denoted a motion under former Rule 27.26 and treated as such by the parties and the circuit court, it was filed after January 1, 1988, the effective date of Rule 29.15, and the outcome here will be determined under the present Rule.

clusions of the trial court are clearly erroneous. Rule 29.15(j). The motion court's findings, conclusions and judgment are clearly erroneous only if a review of the entire record leaves this court with a definite and firm impression that a mistake has been made. *Brummel v. State,* 770 S.W.2d 379, 380 (Mo.App., E.D.1989).

Rule 29.15(g) provides that if the motion, files and records of the case conclusively show that the movant is entitled to no relief, an evidentiary hearing shall not be held. In this regard, Rule 29.15 is analogous to former Rule 27.26(e), which provided for an evidentiary hearing when the motion alleged facts not conclusions, which facts are not refuted by the record, and that warrant relief. *Johnson v. State,* 748 S.W.2d 417, 418 (Mo.App., E.D.1988). Additionally, the matters complained of must have resulted in prejudice to movant. *Id.* at 418.

■ In movant's first point on appeal, he makes two arguments in support of his claim of clear error in the motion court's denial of his Rule 29.15 motion without an evidentiary hearing. First, movant argues that his trial attorney's introduction of his prior conviction on direct examination opened up the subject for the prosecutor to elicit details of the offense during cross-examination. Movant asserts that this action amounted to ineffective assistance of counsel in violation of his constitutional rights.

In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court set forth the requirements which movant must meet in order to show that his attorney rendered ineffective assistance. First, movant must demonstrate that his attorney's performance was deficient; that his representation fell below an objective standard of reasonableness. *Id.* at 687–88, 104 S.Ct. at 2064. Second, movant must demonstrate that the deficient performance prejudiced his defense. *Id.* at 687, 104 S.Ct. at 2064.

Both prongs of this test must be met to overcome the highly deferential judicial scrutiny of counsel's performance. *Id.* at 690, 104 S.Ct. at 2056. Furthermore, it is the movant's burden to surmount the presumption that counsel's conduct falls within the wide range of professionally reasonable trial strategy. *Id.* at 690, 104 S.Ct. at 2056.

In the case at hand, defendant's motion fails to meet the burden placed on him by the fact pleading requirements of Rule 29.-15. *Johnson v. State,* 748 S.W.2d 417, 418 (Mo.App., E.D.1988). Trial counsel's maneuver of introducing defendant's prior conviction on direct examination is an approach often used by defense attorneys when the accused testifies on his own behalf. In *State v. Lane,* 613 S.W.2d 669, 679 (Mo.App., E.D.1981), the court stated, "appellant made the tactical decision to steal the state's thunder and adduce evidence of his prior convictions during his direct examination by his own counsel...." More recently in *Boyer v. State,* 748 S.W.2d 188 (Mo.App., E.D.1988), this court again upheld a similar course of action by defense counsel. This court classified counsel's decision as a strategic choice which is virtually unchallengeable. *Id.* at 190. We discern no violation of movant's rights in this regard.

Movant also argues, under his first point, that his trial counsel was ineffective for failing to investigate, interview and call to testify certain witnesses. Movant alleges, in a conclusory fashion, that these witnesses would support movant's claim of self defense.

■ To prevail on a claim that counsel was ineffective for failing to call witnesses, movant has the burden to "prove that 'the witnesses could have been located through reasonable investigation; they would have testified if called; and their testimony would have provided a viable defense.'" *Lockhart v. State,* 761 S.W.2d 634, 635 (Mo.App., E.D.1988) (quoting *Hogshooter v. State,* 681 S.W.2d 20, 21 (Mo.App., S.D. 1984)). Additionally, as a minimum pleading requirement, movant must allege that he informed trial counsel of the existence of the witnesses and allege that he provided counsel with addresses for the witnesses. *Manning–El v. State,* 740 S.W.2d 312, 313 (Mo.App., E.D.1987). In the case at hand movant failed to allege that counsel

was informed as to any of these corroborating witnesses. Therefore, the motion does not plead facts which if proven would warrant relief. *Id.* at 313. Point denied.

 In his second point on appeal, movant alleges that Rule 29.15(e) requires amendment by appointed counsel of a *pro se* motion which does not adequately allege grounds for relief and facts in support of those grounds. Movant argues that because his appointed counsel failed to amend, counsel was therefore ineffective in his representation of movant. Movant's allegation of ineffective assistance of his Rule 29.15 counsel is not a cognizable claim on appeal. *Feemster v. State,* 735 S.W.2d 159, 159 (Mo.App., E.D.1987).

Rule 29.15(e), regarding appointment of counsel and when an amended motion is required, is effectively identical to former Rule 27.26(h). *State v. Perez,* 768 S.W.2d 224, 228 (Mo.App.E.D.1989). Thus, cases interpreting this section of the repealed statute apply to cases dealing with Rule 29.15(e).

 Failure by appointed counsel to amend a *pro se* motion is not per se grounds for reversal. *Guyton v. State,* 752 S.W.2d 390, 392 (Mo.App., E.D.1988). However, counsel is obligated to ascertain from movant whether all known grounds for reversal were included in the *pro se* motion. *Eggers v. State,* 734 S.W.2d 300, 303 (Mo.App., E.D.1987). Movant relies on *McAlester v. State,* 658 S.W.2d 90 (Mo. App., W.D.1983) and *Jones v. State,* 702 S.W.2d 557 (Mo.App., W.D.1985) for the proposition that amendment of a prisoner's *pro se* 29.15 motion is mandatory in all cases.

 Both of these cases are clearly distinguishable from the case presently before this court. In both *Jones* and *McAlester* appointed counsel failed to satisfy his duty to ascertain whether the *pro se* motion had stated all plausible grounds for relief. *Jones v. State,* 702 S.W.2d at 559. *McAlester v. State,* 658 S.W.2d at 92. In the case at hand, movant makes only the bare allegation that his motion was improperly denied due to counsel's failure to file an amended motion. Movant does not allege

that there were additional grounds known to counsel that could have been presented in his behalf. Furthermore, the motion court made specific findings of fact and conclusions of law on all issues raised in movant's *pro se* motion. We find no violation of movant's rights in this regard.

The ruling of the motion court is affirmed in all respects.

GRIMM, P.J., and KAROHL, J., concur.