**Charles G. GRAYSE, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 17519.**

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 9, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 31, 1991.

Robert L. Fleming, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Presiding Judge.

Movant entered a plea of guilty to second-degree murder and was sentenced to twenty-two years' imprisonment. Thereafter he filed pro se a motion under Rule 24.035 seeking to vacate the conviction and sentence. An attorney was appointed for him and a timely amended motion and request for hearing were made.

The trial court made findings of fact, conclusions of law, and entered judgment denying the motion without an evidentiary hearing. Movant appeals. Appellate review of such a motion is limited to determining whether the findings and conclusions of the trial court were clearly erroneous. Rule 24.035(j).

Movant contends that he was entitled to an evidentiary hearing because he pleaded facts showing that the attorneys who represented him provided him with ineffective assistance of counsel. He states that the attorney who initially represented him "failed to fully inform appellant of his options, failed to investigate appellant's defenses and evidence in mitigation, and misleadingly advised appellant of the probability of a lenient sentence".

Movant states the attorney who appeared with him for sentencing following his plea of guilty "did not provide appellant independent and zealous representation, under the circumstances of the case, in that he failed to advise appellant of other alternatives to maintaining his plea, and failed to provide appellant independent advice regarding the probability of a lenient sentence if his plea of guilty were maintained".

Under Rule 24.035(g) "if the motion and the files and record of the case conclusively

show that the movant is entitled to no relief, a hearing shall not be held." Pursuant to this provision the trial court determined that the "facts" alleged were refuted by the files and records in the case.

A motion for postconviction relief claiming that an attorney's investigation was inadequate must specifically allege what information the attorney failed to discover, that a reasonable investigation would have disclosed that information, and that the information would have improved movant's position. *Blackmon v. State,* 767 S.W.2d 81, 83 (Mo.App.1989). Failure to make specific allegations regarding such *information renders the motion subject to* denial without an evidentiary hearing because it fails to allege facts which entitled movant to relief. *Id.* at 84. No such facts were alleged in this case.

After a plea of guilty, the effectiveness of counsel is relevant only as it affects the voluntariness of the plea. *Wesson v. State,* 768 S.W.2d 160, 162 (Mo.App. 1989). If, as movant alleged in his point, he was advised by his attorney "of the probability of a lenient sentence", that does not indicate that he would necessarily receive one. Receiving a longer sentence than hoped for does not make a plea involuntary. *McMahon v. State,* 569 S.W.2d 753, 758 (Mo. banc 1978); *McCall v. State,* 771 S.W.2d 357, 359 (Mo.App.1989); *Oldham v. State,* 740 S.W.2d 213, 214 (Mo. App.1987).

The transcript of the hearings where movant entered the plea of guilty and where he was sentenced refute movant's contentions. They show that movant was correctly advised and was otherwise properly represented by his attorneys. The trial court's finding that the files and records in the case conclusively show that movant was entitled to no relief was not clearly erroneous.

The judgment is affirmed.

CROW and PARRISH, JJ., concur.