Russell JANUARY, Appellant,

v.

STATE of Missouri, Respondent.

No. 67386.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 17, 1995.

Dave Hemingway, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Russell January plead guilty to a charge of distribution of a controlled substance in violation of § 195.211(1) RSMo Cum.Supp.1993. He was sentenced to ten years imprisonment. He filed a timely pro se motion for post-conviction relief under Rule 24.035. It was later amended. The court denied his amended motion for relief without an evidentiary hearing. We affirm.

January raises one point on appeal. He contends the trial court erred in denying relief without a hearing. He specifically alleges his plea was involuntary because his trial attorney failed to investigate his case and did not confer with him about going to trial.

Our review is limited to whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(j). A

hearing is not required if the files and record conclusively show the movant is not entitled to relief. Rule 24.035(g). To warrant an evidentiary hearing under Rule 24.035, a movant must: (1) plead facts, not conclusions which would grant relief; (2) show these facts cannot be refuted by the record; and (3) demonstrate he was thereby prejudiced. *Meeks v. State,* 876 S.W.2d 755, 756 (Mo.App. E.D.1994).

Claims of ineffective assistance of counsel are relevant only to the extent it affects the voluntariness of the plea. *Watt v. State,* 835 S.W.2d 404, 406 (Mo.App.E.D. 1992). If the claim of involuntariness is refuted by the plea transcript, movant is not entitled to an evidentiary hearing. *Id.*

To succeed on a claim of inadequate investigation, a movant must specifically allege what information the attorney failed to discover, that a reasonable investigation would have disclosed that information, and that the information would have aided movant's position. *Grayse v. State,* 817 S.W.2d 640, 642 (Mo.App.1991). Failure to make specific allegations render the motion subject to denial without a hearing. *Id.*

January failed to make specific allegations consisting of facts which, if proven, would support his motion to set aside the plea. He alleged counsel failed to investigate or adequately confer with him. Both these allegations are conclusions, not facts. At the plea hearing, January testified he knew the charges and the plea agreement. He acknowledged the consequences of pleading guilty, including a waiver of his rights to a jury. He knew he had the option of a trial which would allow him to testify, introduce evidence, and present witnesses. Nevertheless, he chose to plead guilty.

The plea court questioned him extensively on his satisfaction with his attorney's services. He did not have any criticisms or complaints about his attorney and stated several times he was satisfied with the services he received. He indicated counsel furnished him with police reports and made efforts to locate possible defense witnesses. He conceded counsel adequately discussed his option to be tried or plead guilty. January's

allegations are entirely conclusory and refuted by his plea testimony. We find the trial court did not clearly err in denying his Rule 24.035 motion without a hearing.

We affirm.

REINHARD, P.J., and WHITE, J., concur.