**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Jimmy LOCKHART,
Defendant-Appellant.**

No. 48858.

Missouri Court of Appeals,
Eastern District,
Division One.

July 30, 1985.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Sept. 16, 1985.

Karl F. Lang, St. Louis, for appellant.

Leah Adrienne Murray, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Defendant Jimmy Lockhart was convicted by a jury of kidnapping, § 565.110 RSMo 1978, and forcible rape, § 566.030 RSMo Cum.Supp.1984 and sentenced to consecutive terms of fifteen and fifty years, respectively. Defendant appeals only the rape conviction. We affirm.

As the sufficiency of the evidence is not questioned, a brief recital of the facts will suffice. On January 27, 1983, the prosecutrix went out drinking with two friends. After going to several bars, the group became separated. About 1:30 a.m. after the bars closed the prosecutrix "started to hitchhike home." Donald Licklider picked her up and she soon after fell asleep in his car. She was awakened in the back seat of Licklider's car, which was then parked at Sambo's Restaurant in St. Charles, by defendant who identified himself as a police officer. He told the prosecutrix Licklider was under investigation and defendant would take her home. She agreed because she "thought he was a police officer." She told him where she lived in St. Charles. He drove down Highway 70 past the last St. Charles exit into St. Louis County. Defendant took her to the Harley Hotel parking lot in St. Louis County and forced her to have intercourse. He then drove back to her neighborhood and pushed her out of the car. She ran home and was subsequently taken to St. Joseph's Hospital by a friend. The vaginal smear test taken was positive for sperm.

Appellant has briefed the following claim of reversible error:

The trial court erred in denying appellant's motion to hold an in camera hearing with the witness on the issue of alternative source because the witness admitted recent sexual activity. But appellant was precluded from discovering this evidence.

We have ruled that § 491.015 RSMo 1978, commonly referred to as the rape shield statute, creates only a presumption that evidence of a victim's prior sexual conduct is irrelevant. *State v. Gibson*, 636 S.W.2d 956, 958 (Mo. banc 1982); *State v. Brown*, 636 S.W.2d 929, 933 (Mo. banc 1982), *cert. denied*, 459 U.S. 1212, 103 S.Ct. 1207, 75 L.Ed. 448 (1983). An exception to the presumption is "evidence of specific instances of sexual activity showing alternative source or origin of semen." § 491.-015.1(2). Whether evidence is relevant and whether its probative value outweighs its inflammatory and prejudicial dangers are for the trial court to decide, and its decision will not be disturbed unless its discretion is abused. *State v. Gibson*, 636 S.W.2d at 958.

The state filed a pre-trial motion in limine to bar the questioning about the prosecutrix' prior sexual relations. The court indicated that the relevant time period, absent expert testimony, would be sexual activity within forty-eight hours of the criminal act charged.

Without page reference to the transcript defendant has argued in his brief that the prosecutrix "stated to the police that she had had sexual intercourse on the preceding Tuesday [January 24, 1983]." Such a statement does not appear in the record. The incident at issue occurred in the early morning hours of Saturday, January 28, 1983. Under the pre-trial ruling on the state's motion in limine it is apparent that if the defendant had offered to the court expert testimony from which it could be found that an alternate source or origin of semen could be established by sexual relations prior to the early morning hours of January 28, 1983 then the defendant would have been permitted an in camera hearing on sexual activity of the prosecutrix to the limit of such expert testimony.

On direct examination the prosecutrix was asked: "Other than the defendant, had you had sexual intercourse with any other man that evening?" She responded: "No."

The state then asked: "In the two days prior to this incident, a couple of days prior to this incident, had you had sex with anybody?" The prosecutrix again answered: "No." The state met the trial court's "48-hour" time frame by these questions and answers. On cross-examination she was asked if she told the police that she had intercourse on January 24, 1983. The state's objection was sustained and the defendant made an offer of proof. The court ruled that the time span between the alleged prior sexual conduct and the incident on January 28, 1983, was too remote in time and precluded further questioning about the prosecutrix' prior sexual activity without expert testimony to the contrary. Defendant then requested to have the prosecutrix "questioned outside the jury and find out exactly when she had the intercourse." The request was denied and the objection sustained.

We repeat, the court indicated that if defendant would offer expert testimony to establish relevancy of an alternative source of semen originating more than forty-eight hours prior to the incident then the court would consider the line of inquiry proposed by defendant. No such offer of expert testimony was made. The offer of proof only purported to show that the prosecutrix "indicated to the police that she was out, that she had intercourse on January the 24th." Defendant also wanted to inquire whether the prosecutrix could have had intercourse "on the morning of January the 25th." This offer was unsupported by expert testimony to prove relevancy and was insufficient to require the court to hold an in camera hearing. Even if defendant could have proven the prosecutrix had intercourse as late as January 25, 1983, it would have been irrelevant as being too remote in light of the time limit set by the trial court absent expert evidence to extend the period.[1] The offer of proof therefore was inadequate to overcome the presumption that the alleged prior sexual conduct was irrelevant.

We note that defendant did not contend before the trial court or before this court that the state's direct evidence consisting of the prosecutrix' testimony of non-sexual activity within two days of the incident opened the door for the evidence he sought or constituted a waiver of the rape shield statute.

We find the trial court did not err in denying defendant an in camera hearing as the offer of proof was inadequate to establish an exception to § 491.015 RSMo 1978. We find no abuse of discretion occurred in denying an in camera hearing relating only to proposed testimony of the prosecutrix. Absent expert testimony the inquiry would have served only to humiliate and embarrass the witness and would not have been probative of the matter at issue. *See State v. Brown,* 636 S.W.2d at 933; *State v. Young,* 668 S.W.2d 263, 265 (Mo.App.1984).

Judgment of conviction is affirmed.

PUDLOWSKI, P.J., and CARL R. GAERTNER, J., concur.

---

1. We are not informed by the record that the time limit of forty-eight hours is supportable by scientific proof. However, the offer of proof is insufficient to question the ruling in this case.