STATE of Missouri, Appellant,

v.

Leslie Paul KNOWLES, Respondent.

No. WD 39588.

Missouri Court of Appeals, Western District.

Nov. 17, 1987.

---

David A. Baird, Pros. Atty., Maryville, for appellant.

Daniel L. Radke, St. Joseph, for respondent.

Before NUGENT, P.J., and SHANGLER and BERREY, JJ.

NUGENT, Presiding Judge.

In works of labour, or of skill,
   I would be busy too;
For Satan finds some mischief still
   For idle hands to do.

           Isaac Watts

As Mark Twain might have put it, this is a tale about what gets into folks when they don't have enough to do.

Old Dave Baird, the prosecuting attorney up in Nodaway County, thought he had a case against Les Knowles for receiving stolen property, to-wit, a chain saw, so he ups and files on Les.

Now Les was a bit impecunious, so the judge appointed him a lawyer, old Dan Radke, the public defender from down around St. Joe. Now, Dan, he looks at that old information and decides to pick a nit or two, so he tells the judge that the information old Dave filed against Les is no good, that under the law it doesn't even charge Les with a crime. Dan says Dave charged that Les "kept" the stolen chain saw and that's not against the law. You don't commit that crime by "keeping" the chain saw, says Dan; the law says you commit the crime of "receiving" if you "retain" the saw, and that's not what Dave charged Les with, and the judge should throw Dave out of court. And that's exactly what the judge did.

But old Dave was not having any of that. No, sir! That information is right out of the book. MACH–CR 24.10. Word for word! Yes, sir!

Bystanders could plainly see the fire in old Dave's eyes. He was not backing down. Sure. Dave could simply refile and start over with a new information by changing only one word. Strike "kept"; insert "retained." But that is not the point. Dave knows he is right.

And so he is.

So we'll just send the case back to Judge Kennish and tell the boys to get on with the prosecution. And here's why:

The prosecuting attorney filed an information charging defendant Leslie Paul Knowles with receiving stolen property in the following language:

The Prosecuting Attorney for the County of Nodaway, State of Missouri, charges that the defendant, in violation of Section 570.080, RSMo., committed the class C felony of receiving stolen property, punishable upon conviction under Sections 558.011.1(3) and 560.11, RSMo., in that on or about the 31st day of December, 1986, in the County of Nodaway, State of Missouri, the defendant with the purpose to deprive the owner of a chain saw, kept such property of a value of at least one hundred fifty dollars ($150), knowing or believing that it had been stolen.

The form of the information precisely follows the form for the offense of receiving stolen property set out in MISSOURI APPROVED CHARGES—CRIMINAL (MACH–CR No. 24.10), promulgated by the Missouri Supreme Court.

On defendant's motion, the circuit court dismissed the case without prejudice, holding that those allegations "did not constitute a crime under Section 570.080, RSMo., in that the language of the First Amended Information does not properly reflect the language of the statutory provision under which the defendant has been charged."

Rather than simply filing a new information in a slightly modified form, the prosecuting attorney chose to go to the mat with defendant.

The statute in question, § 570.080.1, provides as follows:

A person commits the crime of receiving stolen property if for the purpose of depriving the owner of a lawful interest therein, he receives, retains or disposes

of property of another knowing that it has been stolen, or believing that it has been stolen.

Rule 23.01(e) of the Supreme Court's Rules of Criminal Procedure provides as follows:

All indictments or informations which are substantially consistent with the forms of indictments or information which have been approved by this Court shall be deemed to comply with the requirements of this Rule 23.01(b).

In sub-part 2, Rule 23.01 provides that an indictment or information must plainly, concisely and definitely state the essential facts constituting the offense charged. The rules do not require that the charge be brought only in the language of the statute.

The only question presented here is whether an information meant to charge a defendant under the receiving statute is sufficient if it charges that he "kept" the property rather than charging that he "retained" it. The answer is quite simply, "Yes." That is the end of the case.

Accordingly, we reverse the judgment and order that the prosecution proceed on the first amended information.

All concur.