Jimmie LOCKHART,
Plaintiff–Appellant,

v.

STATE of Missouri,
Defendant–Respondent.

No. 53932.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 26, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 29, 1988.

Application to Transfer Denied
Jan. 17, 1989.

Stormy B. White, Asst. Public Defender, Clayton, for plaintiff-appellant.

William L. Webster, Atty. Gen., and Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

PUDLOWSKI, Judge.

Movant was convicted of kidnapping and forcible rape in the Circuit Court of St. Louis County. He was sentenced to consecutive terms of fifteen and fifty years respectively. His conviction was affirmed on direct appeal in *State v. Lockhart*, 698 S.W.2d 13 (Mo.App.1985) which contains a detailed discussion of the crimes. Movant subsequently filed a motion for post-convic-

tion relief under Rule 27.26 and an evidentiary hearing was held on the motion. The hearing court issued "Findings of Fact, Conclusions of Law and Order" denying movant's request for relief.

On appeal movant contends that the hearing court erred in failing to find movant's trial counsel ineffective for failing to call an expert witness to testify that sperm can be detected in the vagina up to one week after intercourse. Movant contends that if an expert had so testified the jury would have been presented with evidence of an alternate source of semen recovered from the victim and would have not found the movant guilty of rape. We disagree and affirm the order of the hearing court.

Our review in this case is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.26(j). The trial court's findings and conclusions are clearly erroneous only if a review of the entire record leaves the court with a definite and firm impression that a mistake has been made. *Stokes v. State*, 688 S.W.2d 19, 21 (Mo.App.1985).

■ In order to establish ineffective assistance of counsel, movant must prove his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances and that he was prejudiced thereby. *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). In assessing the performance of counsel the courts recognize the wide latitude given to counsel in making tactical decisions and must be highly deferential. *Id.* A motion court may proceed directly to the issue of prejudice without first determining whether counsel's conduct was deficient. *Id.* When a claim of ineffective assistance of counsel is grounded on the failure to present certain witness testimony, the appellant must prove that "the witnesses could have been located through reasonable investigation; they would have testified if called; and their testimony would have provided a viable defense." *Hogshooter v. State*, 681 S.W.2d 20, 21 (Mo.App.1984). In

the case before us the movant has failed to make the required showing.

■ The rape occurred in the early morning hours of January 28, 1983. At trial movant's attorney sought to introduce statements made by the victim to police that she had had sexual intercourse on January 24th. The trial court excluded such evidence on the ground that it was too remote in time. However, the court indicated that if movant would offer expert testimony to establish relevancy of an alternate source of semen originating more than forty-eight hours prior to the incident then the court would consider the line of inquiry proposed by the movant. *Lockhart*, 698 S.W.2d at 15. At the evidentiary hearing the movant presented the deposition testimony of Dr. Virginia Martin, an assistant professor of obstetrics and gynecology who specializes in infertility. Dr. Martin stated that the probability of finding dead sperm in the vagina one week after ejaculation was less than ten percent. The possibility of sperm being present for four days after ejaculation was approximately fifty percent. These probabilities were estimates based on Dr. Martin's experience doing infertility studies on her patients. She stated that such studies were under "very different" conditions from examining a rape victim and preparing a rape kit. In the ten rape kits she had completed, she had never found sperm in the vagina of the victim four days after the incident occurred. Assuming arguendo that movant had been able to locate either Dr. Martin, or some other expert in the field, and that the expert would have testified if called on to do so, movant has not shown that that testimony would have provided him with a viable defense. At best, the expert would have stated that there was a one in two chance that the sperm came from someone other than the movant. Conjecture or speculation is not sufficient to establish the required prejudice flowing from the failure to call a witness to testify. *Hogshooter*, 681 S.W.2d at 22.

■ The fact most damaging to movant's claim is the testimony of the victim who stated that the movant did not ejaculate in her vagina. This was tantamount to the

victim admitting that the sperm found in her vagina was not that of the movant. The jury had this testimony before them when they found the movant guilty of rape. Ejaculation is not an element of the crime of rape. *State v. Boyd*, 643 S.W.2d 825, 828 (Mo.App.1982). The movant has not shown how he was prejudiced by the failure of counsel to call an expert witness. The finding of the hearing court is not clearly erroneous and the judgment is affirmed.

STEPHAN and DOWD, JJ., concur.