Stephen MORRIS, Appellant,

v.

STATE of Missouri, Respondent.

No. 54520.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 6, 1988.

---

Steven Eugene Jordon, Asst. Public Defender, Farmington, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Judge.

Movant, Stephen Patrick Morris, appeals from the denial of his second Rule 27.26 motion without an evidentiary hearing. At trial a jury convicted movant of two counts of assault in the first degree by means of a dangerous instrument. The court sentenced movant to ten years' imprisonment on each count to be served consecutively. His conviction was affirmed on direct appeal. *State v. Morris,* 665 S.W.2d 372 (Mo. App., E.D.1984). We also note that movant's initial Rule 27.26 motion was denied without an evidentiary hearing and the denial was affirmed by this court. *Morris v. State,* 690 S.W.2d 818 (Mo.App., E.D.1985). In his appeal from the denial of his second Rule 27.26 motion Morris alleges that he received ineffective assistance of counsel in that his counsel failed to file for discovery which enabled the State to use reports and experts as to which movant's attorney had not properly prepared and thereby prejudiced movant through a failure to fully investigate movant's case. We affirm the motion court's order denying Morris' second Rule 27.26 motion.

Morris argues that he received ineffective assistance of counsel because his attorney did not fully investigate a witness proffered by the state. Movant's claim is not cognizable since Rule 27.26 provides that a second motion cannot be maintained "where the ground presented is new but could have been raised in the prior motion...." Rule 27.26(d). The purpose of the rule is to discover and adjudicate all claims for relief in one application. *Futrell v. State,* 667 S.W.2d 404, 408 (Mo. banc 1984). Movant has the burden of establishing that a new ground raised in a successive motion could not have been raised in his first motion. *Willen v. State,* 648 S.W. 2d 134, 135 (Mo.App., E.D.1983). Morris clearly did not meet his burden of establishing a new ground for consideration of his claim. In fact, not only does movant fail to show grounds distinct and different from his first Rule 27.26 motion he pointedly neglects to mention that he filed a previous motion.

An *ex gratia* review of Morris' claim of ineffective assistance of counsel demonstrates its lack of merit. Movant argues that he should have been granted an evidentiary hearing regarding the issue of ineffectiveness of counsel. Movant must fulfill three requirements before be-

ing granted an evidentiary hearing: the motion must allege facts, not conclusions, which warrant relief, those facts must raise matters not refuted by the files and records in the case, and the matters complained of must have resulted in prejudice to the defendant. *Kearns v. State,* 583 S.W.2d 748, 750 (Mo.App., E.D.1979). The motion court correctly denied Morris' request for an evidentiary hearing since movant merely alleged there was ineffectiveness of counsel and he did not show how alleged ineffectiveness impacted his case. In order to prove ineffectiveness of counsel movant must state what specific information the attorney failed to discover, that reasonable investigation by the attorney would have disclosed that information, and that the information would have aided or improved movant's position. *Thomas v. State,* 736 S.W.2d 518, 519 (Mo.App., E.D. 1987). The motion court's denial of the Rule 27.26 motion without an evidentiary hearing was proper.

The judgement of the court below is affirmed.

GRIMM, P.J., and KAROHL, J., concur.