**James D. EDWARDS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 55672.**

Missouri Court of Appeals,
Eastern District,
Division Two.

April 18, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 17, 1989.

Application to Transfer Denied
Aug. 1, 1989.

Henry B. Robertson, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Daryl R. Hylton, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Judge.

Movant James Edwards appeals from the denial of his Rule 29.15 motion without an evidentiary hearing. Movant was convicted of first degree murder for which he was sentenced to life imprisonment. The Missouri Supreme Court affirmed his conviction on direct appeal. *State v. Edwards,* 435 S.W.2d 1 (Mo.1968). In his motion movant argued that he received ineffective assistance of counsel and that he was not present during part of the jury selection thereby denying his right to be present during all important phases of his trial. We affirm.

On appeal, movant asserts that the trial court erred in denying his motion without an evidentiary hearing. Movant first argues that he received ineffective assistance of counsel in that trial counsel failed to investigate and develop evidence of his physical condition after police interrogation. Movant alleged that his parents could have provided testimony regarding his physical condition. Movant further al-

leged that counsel should have discovered evidence regarding a prior suspension of one of the interrogating officers. The officer had allegedly been previously suspended for using excessive physical force. Movant argues that this evidence could have been used to suppress incriminating statements that he made during the police interrogation.

In order to be entitled to an evidentiary hearing, movant must allege facts if proven that would entitle him to relief. *Morris v. State,* 756 S.W.2d 654, 656 (Mo. App., E.D.1988). As to movant's claim regarding his parents' testimony, movant did not allege that he informed trial counsel of these witnesses or the nature of their proposed testimony. It is not ineffective assistance for counsel to fail to investigate witnesses that he does not know exist. *Manning-El v. State,* 740 S.W.2d 312, 313 (Mo.App., E.D.1987). Likewise, in order for movant to succeed on a claim that challenges the adequacy of counsel's investigation, movant must allege that reasonable investigation would have disclosed the information. *Williams v. State,* 650 S.W.2d 17, 18 (Mo.App., E.D.1983). *See also Laws v. State,* 708 S.W.2d 182, 187 (Mo.App., E.D.1986). Movant did not allege that reasonable investigation by counsel would have led to the discovery of Detective Crews' alleged prior suspension. We conclude that movant has failed to allege facts entitling him to an evidentiary hearing. *Morris,* 756 S.W.2d at 656.

Movant also argues on appeal that counsel was ineffective for failing to challenge the validity of movant's arrest. Movant asserts that there was no probable cause to arrest him, therefore his incriminating statements could have been suppressed as the fruits of an unlawful arrest. In his *pro se* motion movant asserts that his conviction should be vacated because the statements were inadmissible against him as they were obtained after an unlawful arrest. This claim could have been raised on direct appeal and is not cognizable in this proceeding. *Williams v. State,* 755 S.W.2d 609, 610 (Mo.App., E.D.1988). In his amended motion, movant incorpo-

rates the allegations set forth in his *pro se* motion. Neither the *pro se* motion nor the amended motion allege that counsel was ineffective for failing to challenge the admissibility of the statements as the product of an arrest unsupported by probable cause. This claim was not presented to the trial court and we will not consider it for the first time on appeal. *Williams v. State,* 712 S.W.2d 404, 411 (Mo.App., E.D. 1986). This point is denied.

In his next claim, movant asserts that he was not present during part of the voir dire. Movant argues that he was thus denied the right to be present during a crucial phase of the trial. We note however, that the transcript states: "Defendant James Dale Edwards present in person, and *at all times during trial,* as well as by his attorney." (emphasis added). Therefore movant's claim is clearly refuted by the record and the trial court correctly denied this claim. *Morris,* 756 S.W.2d 654, 656 (Mo.App., E.D.1988).

We conclude that the trial court correctly denied movant's Rule 29.15 motion without an evidentiary hearing.

GRIMM, P.J., and KAROHL, J., concur.