William L. Webster, Atty. Gen., Daryl R. Hylton, Asst. Atty. Gen., Jefferson City, for respondent.

Anthony ARELLANO, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 41791.

Missouri Court of Appeals, Western District.

Sept. 19, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 31, 1989.

Application to Transfer Denied Dec. 12, 1989.

Before NUGENT, C.J., and FENNER and ULRICH, JJ.

NUGENT, Chief Judge.

Defendant Anthony Arellano is currently serving sentences totaling ten years for first degree assault and armed criminal action. In *State v. Arellano*, 736 S.W.2d 432, 436 (Mo.App.1987), we affirmed those convictions, but reversed and remanded for new trial convictions on two other counts. The state eventually dismissed the remanded counts.

On April 11, 1988, the defendant sought postconviction relief in a Rule 29.15 motion, later amended by appointed counsel. The court denied the motion without an evidentiary hearing. The defendant now appeals, contending that the motion court clearly erred in denying his challenge to the sufficiency of the information and in refusing an evidentiary hearing on a claim of ineffective assistance of counsel. We affirm.

In his first point, the defendant alleges that the information charging him with first degree assault failed to state an offense. The information in its pertinent part charged:

that the defendant, ANTHONY AREL-LANO, in violation of Section 565.050, RSMo, committed the class B felony of Assault in the First Degree, ... in that

**632**

on August 8, 1985 in the County of Jackson, State of Missouri, the defendant, ANTHONY ARELLANO, attempted to kill or cause serious physical injury to Steven S. Earles by shooting at him.

Mr. Arellano contends that the language, "attempted to kill or cause serious physical injury", improperly charged him with assault in the disjunctive. He assserts that the trial court lacked jurisdiction because the information charged alternative methods of committing the assault and, therefore, failed to state any offense.

The wording of the information follows the statutory language of § 565.050 [1] and carefully tracks that of MISSOURI APPROVED CHARGES—CRIMINAL (MACH–CR 19.02–84 Assault in the First Degree) promulgated by the Missouri Supreme Court.

Rule 23.01(e) reads as follows: "All indictments or information which are substantially consistent with the forms of indictments or informations which have been approved by this Court shall be deemed to comply with the requirements of this Rule 23.01(b)."

Mr. Arellano relies upon *State v. Fox,* 46 S.W.2d 544, 546 (Mo.1932), for the proposition that, when a certain offense can be committed in alternative ways, the charge that defendant committed it in one or another of those alternative ways, inconsistent with each other, fails to charge the offense either way. Thus, he argues, disjunctive pleading fails to state an offense and the trial court acquired no jurisdiction.

■ In this case, however, the information followed the language authorized by the Supreme Court itself some fifty-two years after *Fox* was decided. That fact alone sufficiently justifies the language used in the instant information. *State v. Knowles,* 739 S.W.2d 753 (Mo.App.1987). Moreover, the information did not charge alternative and mutually inconsistent ways of committing the crime; it charged only one way "by shooting at him," the victim. If the information had alleged that the

defendant had attempted to kill or physically injure Steven Earles "by shooting at him or by hitting him with a baseball bat," we might then have an objectionably disjunctive information, but we do not have that case. Thus, neither the authors of MACH–CR 19.02–84 nor the prosecuting attorney in this case violated the rule that led to reversal in *State v. Fox.*

Defendant Arellano next claims entitlement to an evidentiary hearing on his claim of conflict of interest. In his pro se motion, he alleged that he asked his defense counsel to withdraw from his case because of conflict of interest and lack of interest, that counsel attempted to do so, but that the trial court refused.

■ To demonstrate ineffective assistance of counsel based on conflict of interest, a defendant must plead and establish the existence of an actual conflict of interest that adversely affected his counsel's performance. *Cuyler v. Sullivan,* 446 U.S. 335, 348, 100 S.Ct. 1708, 1718, 64 L.Ed.2d 333 (1980); *Hopson v. State,* 728 S.W.2d 276–77 (Mo.App.1987). Here, the defendant's allegation consisted of mere generalizations and conclusions insufficient to entitle him to an evidentiary hearing or postconviction relief. *Cf. Edwards v. State,* 772 S.W.2d 703, 704 (Mo.App.1989).

The court did not err in denying defendant Arellano's motion for postconviction relief or in denying a hearing on the motion. Accordingly, we affirm the judgment. Rule 29.15(j).

All concur.

---

**1.** Section 565.050 provides that one "commits the crime of assault in the first degree if he attempts to kill or knowingly causes or attempts to cause serious physical injury to another person."