STATE of Missouri,
Plaintiff/Respondent,

v.

Charles RUSH, Defendant/Appellant.

Charles RUSH, Plaintiff/Appellant,

v.

STATE of Missouri,
Defendant/Respondent.

Nos. 53425, 56323.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 1, 1990.

Cathy R. Kelly, Henry B. Robertson, Asst. Public Defenders, St. Louis, for defendant/appellant.

William L. Webster, Atty. Gen., M. Melissa Manda, Asst. Atty. Gen., Jefferson City, for plaintiff/respondent.

SMITH, Judge.

Defendant appeals from his conviction for possession of heroin and resultant eighteen year sentence as a prior and persistent offender. He also appeals from the denial of his post-conviction Rule 29.15 motion based on ineffective assistance of counsel. We affirm.

On appeal of his conviction defendant raises only one point, an alleged violation of *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). No useful purpose would be served by discussion of the scope of review to be utilized in *Batson* cases or the legal standards which are applied in those cases. Those matters have been thoroughly and frequently addressed. *State v. Antwine*, 743 S.W.2d 51 (Mo. banc 1987); *State v. Griffin*, 756 S.W.2d 475 (Mo. banc 1988); *State v. Payton*, 747 S.W.2d 290 (Mo.App.1988). Here the prosecutor utilized three of six peremptory challenges to remove three of four remaining blacks from the venire. One black juror served on the case. Defendant is black.

The explanations offered by the prosecutor for his strikes established legitimate, neutral and non-discriminatory grounds for the strikes. One black person stricken had demonstrated an inability to stay awake during voir dire. That condition was also noted by the defense lawyer. The second black person stricken was the only person on the venire who had been arrested for a felony. He was not prosecuted. It is not unreasonable for a prosecutor to strike a venireman who has been arrested and falsely accused of a crime. A white venirewoman whose husband had been tried and acquitted for a felony was also stricken. The third black person stricken had a father who had served time in the penitentiary for murder. She was the only person on the venire who had an immediate blood relative who was tried, convicted, and served time for a major felony. We are unable to find any discriminatory pattern in the prosecution's use of its peremptory challenges.

We turn to defendant's post-conviction motion. Defendant was convicted of possession of heroin. He was observed by two police officers accepting money from individuals who came up to him at a location within a public housing project in St. Louis. After receiving the money, defendant would hand it to an accomplice, then walk over to a nearby paper bag. He would remove something from the bag and hand it to the individual who had given him the money. After observing four such transactions within an hour the police ran forward during a fifth transaction. Upon identifying themselves, the defendant dropped the paper bag which he was then holding. His accomplice and customer ran. Defendant was apprehended. The bag contained heroin. Defendant made a statement indicating his knowledge of the bag's contents.

■ Initially defendant contends that his counsel was ineffective because in his cross-examination of one of the police officers he elicited the information that defendant had a prior arrest. The officer's response to counsel's question was at best marginally responsive but probably could have been anticipated. Counsel, at the motion hearing, indicated that it was his intent to establish that the police knew defendant and were looking for a basis for arresting and charging him. Given the circumstances of defendant's arrest, establishing a frame-up was about the only defense available. Establishing that defendant was known to police and therefore was a likely target for a frame-up was a reasonable trial strategy under the circumstances. The question asked and the answer received could have supported that defense. We are unable to find error in the trial court's finding that the interrogation involved was "trial strategy" and did not constitute ineffective assistance of counsel. *Sanders v. State,* 738 S.W.2d 856 (Mo. banc 1987); *Stubenrouch v. State,* 752 S.W.2d 327 (Mo.App.1988) [1–3].

■ Finally, defendant contends that counsel was ineffective in failing to "investigate and call alibi witnesses" on defendant's behalf at trial.[1] On appeal defendant identified three such witnesses. Two of those people did not testify at the motion hearing. In order to establish ineffective assistance of counsel based upon failure to call witnesses movant must prove several things including that the testimony would have provided a viable defense. *Lockhart v. State,* 761 S.W.2d 634 (Mo.App.1988) [1–4]. The only evidence of that fact was the testimony of the third witness, Jerome Taylor, who stated the absent witnesses could have provided unspecified testimony that would lead to defendant's acquittal. Taylor's testimony was not sufficient to establish the operative fact.

Taylor did testify at the hearing. He has at least seven felony convictions including drug and tampering with a witness convictions. He claimed to have been at the scene and that the drugs belonged to someone other than defendant and that defendant had just pulled up in his car at the time of the arrest. Defendant's trial counsel testified that he was aware of Mr. Taylor and of his proffered testimony but did not call him as a witness because of his prior record of felony convictions. The trial court found this to be a reasonable trial strategy and we agree. To have placed on the stand as defendant's witness a person with the prior record of Taylor, a friend of defendant present at the scene, could have little effect other than to tar defendant with guilt by association. The benefit of Taylor's testimony, in view of his lack of credibility, was far outweighed by the negative perceptions a jury would unquestionably draw.

Judgments affirmed.

SATZ, P.J., and GRIMM, J., concur.

---

1. The term "alibi witness" is a misnomer here. "Alibi" means elsewhere; in another place. *Black's Law Dictionary,* 5th Ed. The testimony of Taylor would not have placed defendant elsewhere, it would simply have refuted the police testimony of defendant's participation in drug sales. Defendant indicated the other two witnesses were also present when defendant was arrested.