STATE of Missouri, Respondent,

v.

Willie L. JORDAN, Appellant.

Willie L. JORDAN, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 54688, 56739.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 31, 1990.

Kathleen G. Green, St. Louis, for appellant.

William L. Webster, Atty. Gen., M. Melissa Manda, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Defendant, Willie Jordan, appeals from his conviction, by jury, for carrying a concealed weapon in violation of § 571.030.1(1) RSMo 1986. The trial court sentenced him as a prior and persistent offender under §§ 558.016 and 558.019.4 RSMo 1986 to a term of five years imprisonment. We also review denial of Rule 29.15 post-conviction relief after an evidentiary hearing.

The facts leading up to defendant's arrest began when officers Hill and Montague of St. Louis City Police Department observed three persons in a blue car at 1:15 a.m., on November 5, 1986. After parking their unmarked car, Officer Hill approached the blue car. The driver got out and Hill identified himself as a police officer. Defendant, the right front seat passenger, also got out and stood between the door and the vehicle, facing Hill. Standing in front of the blue car was Officer Montague. Defendant then reached into his jacket, removed an object and threw it. Neither Officer saw the object nor could they identify it as a gun prior to defendant reaching into his jacket. Officer Montague retrieved the gun from the area where it landed.

Defendant's point on direct appeal is the evidence is insufficient to establish that defendant carried a weapon with the intent to conceal it. He claims the blue car obstructed the view of each officer. Thus, the officers did not have an opportunity to observe defendant carry a weapon not discernible by ordinary observation.

The test for concealment is a gun "must not be discernible by ordinary observation." *State v. Pruitt*, 755 S.W.2d 309, 313 (Mo.App.1988). The fact a weapon cannot be seen from a single vantage point does not render it concealed if it is clearly visible from other positions. *Id.* If the weapon can be seen only from one particular vantage point it may be considered concealed. *State v. Cole*, 662 S.W.2d 297, 300 (Mo.App.1983).

In reviewing the trial court's decision denying defendant's motion for judgment of acquittal, this court reviews the evidence in the light most favorable to the state and accords the state the benefit of

all reasonable inferences to be drawn therefrom. *State v. Brown*, 744 S.W.2d 809, 810 (Mo. banc 1988). All evidence and inferences to the contrary must be rejected. *State v. Meyer*, 694 S.W.2d 853, 855 (Mo. App.1985).

■ Applying the law to the facts of this case, we conclude there was evidence from which the jury could find defendant carried a concealed weapon. The sworn testimony of both officers indicated neither saw defendant with a gun when he got out of the car. Officer Hill testified he could not see the gun until the defendant removed the object from underneath his jacket. Officer Montague testified defendant stepped out of the car, reached toward his waistband and threw something. Once defendant held the silver object above his waist, Montague suspected it was a gun. He further avowed he could see the defendant's waist through the car window. Defendant called a witness who testified he had not seen a gun that night until Officer Montague retrieved one from the ground. The testimony of the officers and the defense witness support the inference the weapon was carried by defendant and concealed before defendant threw it away. The state's case was supported by direct evidence and available inferences. Point denied.

Defendant's second point asserts the trial court erred by failing to rule on all the allegations contained in his Rule 29.15 motion.

Defendant filed pro se alleging his conviction should be vacated on two grounds of ineffective assistance of counsel: (1) in failing to contact and call a possible witness; and (2) in failing to ensure the weapon found was tested for fingerprints. He argues, but did not plead, counsel failed to make the jury aware of the presence or absence of fingerprints. The motion further alleged there was no probable cause to stop and search defendant resulting in a conviction based on unconstitutionally obtained evidence. Defendant now seeks a further ruling from the motion court on the fingerprint and probable cause issues.

■ The motion court did not rule on the fingerprint and probable cause issues. Rule 29.15(i) requires findings of fact and conclusions of law on all issues presented in defendant's motion when a hearing is held. This rule is strictly enforced. *Fields v. State*, 572 S.W.2d 477, 483 (Mo. banc 1978). A well-established exception to the rule states failure to include findings of fact and conclusions of law on claims where no substantive evidence is presented at the evidentiary hearing is not error. *W.F.W. v. State*, 779 S.W.2d 724, 725 (Mo. App.1989).

■ During the hearing defendant offered no evidence regarding probable cause. Since defendant abandoned this claim, no findings were required. Furthermore, the determination of probable cause is a trial and direct appeal matter not cognizable in a Rule 29.15 motion. *Edwards v. State*, 772 S.W.2d 703, 704 (Mo.App.1989).

■ Defendant's testimony about the fingerprint issue was in response to a general question. He was asked if he was unhappy or if he thought trial counsel's actions constituted ineffective assistance of counsel. Defendant replied he felt more questions should have been asked and he voiced concern over the fact the gun wasn't tested for fingerprints. This answer is not substantive evidence of ineffective assistance of counsel. It does not tend to prove fingerprint evidence would have offered a viable defense to the charge. *See, Lockhart v. State*, 761 S.W.2d 634, 635 (Mo.App. 1988). No findings were required.

Thus, the court did not err in issuing findings of fact and conclusions of law solely on the contentions raised at the hearing. Defendant's second point is denied.

The judgment of the trial court is affirmed.

PUDLOWSKI, P.J., and CRANDALL, J., concur.