Fredrick NELSON, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 18057.

Missouri Court of Appeals, Southern District, Division Two.

Nov. 6, 1992.

Ellen H. Flottman, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

MAUS, Judge.

Movant Fredrick Nelson, pursuant to a plea bargain, entered pleas of guilty to charges of burglary and stealing. In accordance with that plea bargain, he was sentenced to two consecutive terms of imprisonment for three years. The motion court denied movant an evidentiary hearing upon his Rule 24.035 motion and denied that motion. Movant states one point on appeal.

That point is that he pled facts which would establish ineffective assistance of counsel in that he pled "(A) Counsel failed to communicate with him from the time of the preliminary hearing until appellant was brought before the court to enter his plea" and "(B) Counsel failed to discuss appellant's right to a presentence investigation and waived his right without his consent."

A movant under Rule 24.035 is entitled to an evidentiary hearing only if he alleges facts, not conclusions, which, if established, would entitle movant to relief. *Green v. State,* 812 S.W.2d 557 (Mo.App. 1991). Further, the facts alleged must be sufficient to support a finding movant was prejudiced by the deficiencies alleged. *Recklein v. State,* 813 S.W.2d 67 (Mo.App. 1991). Moreover, even if those criteria are met, "if the motion and the files and record of the case conclusively show that the movant is entitled to no relief, a hearing shall not be held." Rule 24.035(g).

The transcript of the plea proceeding includes movant's acknowledgment he had sufficient opportunity to discuss his case with his attorney and was satisfied with the services of that attorney. Movant's belated allegation to the contrary is conclusively refuted by the record.

That transcript also conclusively shows the plea was entered and the sentences were imposed in accordance with a plea bargain accepted by movant. The allegation counsel did not discuss a presentence investigation with movant and waived such an investigation, which action was necessary in order that the plea bargain be carried out, does not state facts constituting ineffective assistance of counsel or prejudice.

Movant's point on appeal has no merit. The judgment of the motion court is affirmed.

MONTGOMERY, P.J., and FLANIGAN, J., concur.