STATE of Missouri, Plaintiff–Respondent,

v.

Facundo VALDEZ, Defendant–Appellant.

Facundo VALDEZ, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 18745, 19147.

Missouri Court of Appeals, Southern District, Division Two.

Oct. 25, 1994.

Matthew J. O'Connor, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jennifer A. Glancy, Asst. Atty. Gen., Jefferson City, for respondent.

GARRISON, Presiding Judge.

The trial court, sitting without a jury, found Defendant guilty of the Class B felony of trafficking drugs in the second degree, § 195.223, RSMo Cum.Supp.1991, and sentenced him to nine years' imprisonment. In his direct appeal (Case No. 18745), Defendant contends that the trial court erred in overruling his motion to suppress evidence.

Defendant also filed a *pro se* motion to vacate his conviction and sentence pursuant to Rule 29.15.[1] Defendant appeals the motion court's denial of that motion without an evidentiary hearing in Case No. 19147. These appeals have been duly consolidated.

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R.

**184**

## CASE NO. 18745

Defendant's sole point relied on in his direct appeal is as follows:

> The trial court erred in overruling Appellant's motion to suppress evidence because such ruling violated Appellant's right to be free from unreasonable search and seizure and his right to due process of law as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 15 of the Missouri Constitution in that Trooper Funderberg's [sic] search was not justified by reasonable suspicion that criminal activity was afoot and that Appellant's consent was the fruit of an unlawful seizure as the duration of the stop was both excessive and coercive.

Review of the trial court's order denying a motion to suppress is limited to a determination of whether there was sufficient evidence to support that order. *State v. Rodriguez,* 877 S.W.2d 106, 110 (Mo. banc 1994); *State v. Perrone,* 872 S.W.2d 519, 521 (Mo.App.S.D. 1994). The weight and credibility of the witnesses are matters for the trial court's determination. *State v. Villa–Perez,* 835 S.W.2d 897, 901 (Mo. banc 1992); *State v. Bunts,* 867 S.W.2d 277, 278 (Mo.App.S.D. 1993). We are to consider the facts and reasonable inferences arising therefrom in the light most favorable to the trial court's decision. *State v. Rodriguez,* 877 S.W.2d at 110. Only if the trial court's judgment is clearly erroneous will an appellate court reverse. *State v. Milliorn,* 794 S.W.2d 181, 183 (Mo. banc 1990).

The search referred to by Defendant occurred on December 29, 1992, when Defendant was stopped by Trooper Funderburk of the Missouri Highway Patrol. At that time, Defendant was eastbound, accompanied by a female companion (described as his girl friend) and three children. Funderburk, who was westbound, clocked Defendant's speed by radar at 71 miles per hour in a 55–mile-per–hour zone. The trooper crossed the median, stopped Defendant, and requested his driver's license and a vehicle registration. The registration indicated the vehicle belonged to a person identified by Defendant as his cousin. The trooper asked him to step back to the patrol car for the purpose of issuing a ticket for speeding. As Defendant was walking to the patrol car, the trooper was told by the female occupant that they were going to Michigan for a vacation; that she did not know whose vehicle it was; and that she did not know what was in the trunk because Defendant had packed it without her assistance.

The trooper then returned to the patrol car where Defendant was waiting and initiated a computer check of Defendant's driver's license and vehicle registration. While the trooper was writing the ticket, he inquired of Defendant about his destination and the purpose of his trip. Defendant told him they were going to Michigan "for work." Upon handing Defendant the ticket and his driver's license, the trooper asked for permission to search the vehicle for drugs and weapons. In response, Defendant said, "no problem," went to the car to retrieve the keys from the ignition, and opened the trunk. At that point, the trooper detected a strong odor of marijuana and found several bricks of what appeared to be marijuana under a blanket. A subsequent search and inventory of the car revealed 38 bricks of marijuana weighing a total of approximately 122 pounds.

Defendant first contends that his consent to the search was the result of an unlawful seizure because the duration of the stop was excessive.[2] In support, he cites *State v. Riddle,* 843 S.W.2d 385, 387 (Mo.App.E.D.1992), for the proposition that any detention beyond that required for a normal traffic stop is an unreasonable seizure, and that once a driver has produced a valid license and proof that he is entitled to operate the car, he should be allowed to proceed on his way without being subject to further delay unless reasonable suspicion of another crime arises. He argues that once the trooper gave him the ticket and

---

**2.** Defendant does not contend that the initial stop was unauthorized. An officer is authorized to stop a vehicle observed violating the speed limit. *State v. Burkhardt,* 795 S.W.2d 399, 405 (Mo. banc 1990). That type of stop constitutes an authorized seizure under the Fourth and Fourteenth Amendments. *State v. Hyland,* 840 S.W.2d 219, 221 (Mo. banc 1992).

returned his driver's license, the purpose for the traffic stop was accomplished and his continued detention constituted a Fourth Amendment violation.

■ The trial court found that there was no extended detention after issuance of the ticket and that the request to search was made immediately after it was issued. There was evidence in the record from which the trial court could have made this finding. The evidence indicated that Defendant was in the patrol car approximately seven or eight minutes and that the request to search came within 10 to 15 minutes after the initial stop. This court has previously held that a 12–minute lapse between an initial traffic stop and a request for permission to search a vehicle does not require the conclusion that the detention was longer than necessarily required by reason of the traffic offense. *State v. Bunts*, 867 S.W.2d at 281; *State v. Petrone*, 836 S.W.2d 484, 488 (Mo.App.S.D. 1992).

This conclusion is also supported by *State v. Hyland*, 840 S.W.2d 219. In that case a highway patrol trooper stopped a vehicle for speeding. In holding that the detention did not exceed the time reasonably necessary for the traffic stop, the court said:

> The issue Hyland raises reaches in two directions. First, if the detention extends beyond the time reasonably necessary to effect its initial purpose, the seizure may lose its lawful character (assuming no new factual predicate for reasonable suspicion is found during the period of the lawful seizure.) ...
>
> As to the first prong, the record reveals that Sergeant Brown's initial questions about Hyland's personal possessions occurred as, or immediately after, Hyland handed Brown the documentation necessary to complete the written traffic warning. Hyland's consent to the search of the trunk occurred during the time reasonably necessary to carry out the purposes of the traffic stop. Hyland's claims relating to the length of the stop are not supported by the record in this case and are thus devoid of merit.

*Id.* at 221. The same conclusion applies here.

In the instant case, Defendant also contends that his consent was not voluntary, but rather was the result of coercion because of the length of the detention. Consent to the search would not automatically be the product of coercion, however, even if the detention extended beyond the time reasonably necessary to accomplish the purpose of the initial stop. *See State v. Riddle*, 843 S.W.2d at 387. In the instant case, however, we have already determined that the record does not require a finding that the detention was coercive.

■ An officer may, at any time, ask a citizen if he has contraband in his car and ask for permission to search. *See Dunaway v. New York*, 442 U.S. 200, 211, n. 12, 99 S.Ct. 2248, 2255, n. 12, 60 L.Ed.2d 824 (1979); *State v. Bunts*, 867 S.W.2d at 281; *State v. Petrone*, 836 S.W.2d at 489; *State v. Morr*, 811 S.W.2d 794, 798 (Mo.App.W.D.1991). A consensual search following such a traffic stop is not prohibited by the Fourth and Fourteenth Amendments if the consent is given freely and voluntarily. *State v. Bunts*, 867 S.W.2d at 281; *State v. Petrone*, 836 S.W.2d at 489.

■ To be voluntary, a consent to a warrantless search must not be induced by fraud, duress or coercion. *State v. Morr*, 811 S.W.2d at 799. Where consent is relied on as the basis of a warrantless search, the State has the burden to prove that the consent was freely and voluntarily given. *State v. Petrone*, 836 S.W.2d at 488 (citing *Schneckloth v. Bustamonte*, 412 U.S. 218, 222, 93 S.Ct. 2041, 2045, 36 L.Ed.2d 854 (1973), and *State v. Reese*, 625 S.W.2d 130, 132 (Mo. banc 1981)). Whether consent to a search was voluntary or the product of duress or coercion is a question of fact to be determined from the totality of the circumstances. *Id.*; *State v. Bunts*, 867 S.W.2d at 281.

■ In the instant case, the record is devoid of any indication of those elements. In particular, this was a stop by a single highway patrolman along a busy interstate highway; there is no indication that the stop was for any reason other than that explained by the trooper; there is no indication of any

intimidation by the trooper, either by acts or language; and no weapon was displayed. In short, there is nothing in the record which would compel the conclusion that Defendant's consent to the search was other than freely and voluntarily given.

As indicated above, there is no evidence that the detention exceeded the time reasonably necessary to effectuate the purpose of the stop, or that the consent resulted from the length of the detention or the manner in which it was conducted by the trooper. The trial court was correct in concluding, as the court did in *Hyland,* that the consent to search was freely and voluntarily given. Because we affirm the trial court's finding that the consent to search was voluntary, we need not reach the issue about whether there was a reasonable suspicion of criminal activity, thereby providing an independent basis for the search. *See State v. Hyland,* 840 S.W.2d at 221. Accordingly, Defendant's first point is denied.

### CASE NO. 19147

In his appeal in Case No. 19147, Defendant contends that the motion court erred in failing to make specific findings of fact and conclusions of law in overruling his Rule 29.15 motion. He argues that failure to do so deprives him of the opportunity to obtain a meaningful review by this court. The motion court's order denying the motion stated as follows:

> The Court has reviewed the Transcript on Appeal and the underlying Criminal case file in Case No. 392–CF–1651–3 to determine if any allegation contained in Movant's motion may be susceptible to a broad interpretation sufficient to require an evidentiary hearing. The Court has concluded that no grounds are alleged in the motion filed herein, which are not clearly refuted by the documents reviewed.
>
> Therefore, the Court denies the evidentiary hearing herein and finds in favor of the Respondent State of Missouri and against Movant on Movant's Motion for Post–Conviction Relief.

Appellate review of the denial of postconviction relief is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 29.15(j); *State v. Ervin,* 835 S.W.2d 905, 928 (Mo. banc 1992), *cert denied,* —— U.S. ——, 113 S.Ct. 1368, 122 L.Ed.2d 746 (1993). The findings and conclusions of the motion court are deemed clearly erroneous if this court, after a review of the entire record, is left with a definite and firm impression that a mistake was made. *Id.; State v. White,* 798 S.W.2d 694, 697 (Mo. banc 1990).

In the instant case, the first of the three grounds alleged in Defendant's *pro se* motion [3] was that the prosecuting attorney violated § 544.250 RSMo 1986 by filing a felony complaint in the case. Section 544.250 provides, in part:

> No prosecuting or circuit attorney in this state shall file any information charging any person or persons with any felony, until such person or persons shall first have been accorded the right of a preliminary examination before some associate circuit judge . . . .

We are only able to glean from Defendant's allegation that he confuses an "information" with a felony "complaint." He argues that the felony complaint filed in the associate division of the circuit court on December 29, 1992, contained "information charging Movant with committing a Felony, which is a direct violation of section 544.250 RSMo 1986." He also disputes the authority of the prosecutor to file a felony complaint at all. Rule 22.01 permits the initiation of felony proceedings by the filing of a complaint in any court with original jurisdiction to try misdemeanors, and Rule 22.02 permits the prosecutor to file a complaint on information and belief. Our review of this portion of the motion indicates that, as a matter of law, it is devoid of merit.

We interpret the second ground in Defendant's motion to be that, contrary to Rule 22.01, the State filed a felony complaint against him in the circuit court as opposed to the associate division of the circuit court. This argument is contrary to the record

---

**3.** Appointed counsel filed a "Notice of Determination of Counsel Not To File Amended Motion and Decision To Stand on Pro Se Motion and Request Hearing Thereon."

which clearly demonstrates that the complaint was filed in the associate division of the circuit court on December 29, 1992, and after a preliminary hearing was waived, a felony information was filed in circuit court on February 4, 1993.

As an additional part of his second ground, Defendant alleged that he was denied the right to a preliminary hearing because "probable cause" was found on December 29, 1992, and he did not waive a preliminary until January 27, 1993. This contention stems from an entry on the docket sheet on December 29 that "Felony complaint filed. Probable cause found. Warrant issued. Bond set at $200,000". This entry was obviously in compliance with Rule 22.03 which provides in part:

> Upon the filing of a complaint and a finding by the court that sufficient facts have been stated therein to show probable cause that a felony has been committed by the defendant ... a warrant for the arrest of the defendant shall be issued....

This portion of Defendant's motion is also clearly without merit.

As the final ground in his motion, Defendant contended that he was denied effective assistance of counsel because his court-appointed counsel advised him to waive a preliminary hearing, waive his right to a jury trial, failed to call witnesses in his defense, and did not file a motion to dismiss when the prosecutor filed a felony complaint in violation of § 544.250 (apparently based on the erroneous argument described earlier that the complaint was actually an information filed before a right to a preliminary hearing was afforded him). In order to prevail on a theory of ineffective assistance of counsel, a movant must show both: (1) that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances; and (2) that he was prejudiced thereby. *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987) (citing *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)). A court need not, however, determine the performance component of the test before examining for prejudice. *Sanders v. State,* 738

S.W.2d at 857. To demonstrate prejudice, a Defendant must show a reasonable probability that the result would have been different but for the errors of trial counsel (as opposed to showing the errors had some conceivable effect on the outcome). *Sidebottom v. State,* 781 S.W.2d 791, 796 (Mo. banc 1989).

In the instant case, Defendant's motion contained no allegation that he was prejudiced by the alleged deficiencies of trial counsel's performance. Such an allegation is necessary in order to demonstrate an entitlement to relief. *See Nelson v. State,* 840 S.W.2d 882, 883 (Mo.App.S.D.1992); *Moton v. State,* 772 S.W.2d 689, 692 (Mo.App.E.D. 1989). In addition, where the complaint is that trial counsel failed to call witnesses, there must be an allegation identifying the witnesses and what their testimony would have been. *See Boggs v. State,* 742 S.W.2d 591, 598–599 (Mo.App.S.D.1987). No such allegation appears in Defendant's motion. Finally, Defendant's claims concerning the waiver of a jury trial and the alleged ineffectiveness of his trial counsel in that regard are clearly refuted by the record. Under such circumstances, Defendant was entitled to no relief. *Edwards v. State,* 772 S.W.2d 703, 704 (Mo.App.E.D.1989). Defendant's motion in the instant case is clearly deficient under these standards.

Where a motion for postconviction relief is insufficient, no reversible error results from failure to make findings of fact and conclusions of law. *See State v. Jennings,* 815 S.W.2d 434, 449 (Mo.App.E.D. 1991). In *Robinson v. State,* 785 S.W.2d 323, 324 (Mo.App.E.D.1990), it was held that reversal was not required for alleged insufficiency in the motion court's findings of fact and conclusions of law where the motion itself was insufficient and, therefore, ineffective. In addition, it has been held that an appellate court has discretion to finally dispose of a case where the record clearly demonstrates that the motion court reached the correct result, even though it did not issue findings of fact and conclusions of law, *State v. Scott,* 829 S.W.2d 120, 122 (Mo.App.E.D. 1992), or even though the findings and conclusions are insufficient. *State v. Prowell,* 834 S.W.2d 852, 857–858 (Mo.App.E.D.1992);

**188**

*Barton v. State,* 802 S.W.2d 561, 565 (Mo. App.S.D.1991); *Robinson v. State,* 785 S.W.2d at 324.

We do not endorse the type of finding made by the motion court in the instant case, and this opinion should not be construed as an indication that similar findings would escape the granting of relief under different facts. However, under the particular facts of this case, and for the reasons stated above, this court affirms the motion court's denial of Defendant's Rule 29.15 motion.

The judgment of the trial court and the order of the motion court are affirmed.

PREWITT and CROW, JJ., concur.